STATE OF IOWA, appellee, v. EDWARD E. BASTEDO, appellant.

No. 50283.

October 17, 1961.

Paul A. Mahr, of Sioux City, for appellant.

Evan Hultman, Attorney General, John H. Allen, Assistant Attorney General, and Edward F. Samore, County Attorney, Woodbury County, for appellee.

LARSON, J.—Pursuant to a hearing on his "application" for arrest of judgment (chapter 788, Code, 1958), the trial court found appellant's contentions were without merit, denied the application, and remanded him to the custody of the prison warden. In this appeal the defendant, Edward E. Bastedo, contends the trial court erred in failing to find under the testimony that his plea of guilty was induced by coercion, fraud, undue influence, and fear, and that the circumstances leading up to the plea compel the conclusion that his plea was entered as a result of undue influence and coercion, was not voluntary, and constituted a denial of due process guaranteed by both the Federal and State Constitutions. Upon a careful review of the proceedings as set forth in the record, we find no error and must affirm the judgment of the district court.

It appears from the record that the defendant was arrested August 28, 1959, on a charge of rape. He was indicted on that charge November 10, 1959, arraigned on November 13, 1959, and, through his court-appointed attorney, entered a plea of "Not Guilty". Subsequent to a change of attorneys (three times), trial was commenced on May 16, 1960. At the close of the State's evidence on May 19, 1960, defendant pleaded guilty to the included offense of assault with intent to commit rape. The plea was accepted by the trial judge, who sentenced the defendant to the men's penitentiary at Fort Madison, Iowa, for a term of fifteen years. No appeal bond was filed, and defendant was then committed. On August 26, 1960, during the same term of court the defendant, acting pro se, filed a request for review entitled "Application for Arrest of Judgment" in which he asked that the judgment be set aside, for the reason that it was based upon a plea of guilty obtained in violation of his rights under the due process clause of the Federal Constitution and the State Constitution providing any plea of guilty obtained only by force, fear and duress, is a fraud on the court and absolutely void.

The trial court granted defendant a Writ of Habeas Corpus Ad Testificandum, appointed requested counsel for him, and commenced the hearing upon this application October 17, 1960. Upon the completion of the hearing the testimony offered orally and by affidavit was duly considered by the court, and on October 19, 1960, relief was denied. Notice of appeal was duly filed November 15, 1960.

■ I. Where a right of review is given a person accused of a crime by statute, such a right is substantial and the accused therein may challenge his conviction as having been obtained by duress, coercion, fraud or undue influence. Sewell v. Lainson, 244 Iowa 555, 566, 57 N.W.2d 556, and cases cited therein.

Chapter 788, Code, 1958, outlines the statutory procedure for a "motion" in arrest of judgment. Section 788.1 provides: "A motion in arrest of judgment is an application to the court in which the trial was had, on the part of the defendant, that no judgment be rendered upon a verdict against him, or on a plea of guilty, and shall be granted when upon the whole record no legal judgment can be pronounced."

Section 788.2 relates to the time of filing the motion and provides: "The motion may be made at any time *before or after* judgment, during the same term." (Emphasis supplied.)

■ While the defendant entitled his motion an "application", the entitlement we think was sufficient and the filing clearly was timely, being within the same term. His application to the court entitled him to a hearing and it was promptly afforded him by the learned trial court. As bearing on this right, see State v. Stennett, 220 Iowa 388, 395, 260 N.W. 732; State v. Kirkpatrick, 220 Iowa 974, 976, 263 N.W. 52. While it is stated in State v. Harper, 220 Iowa 515, at 525, 258 N.W. 886, that a motion for a new trial must be filed before judgment, and while the trial court felt this was actually only a motion for a new trial, we think the review requested was much more and challenged the very jurisdiction of the court to accept his plea of guilty allegedly involuntarily entered. He was entitled to a hearing on that issue. The rule as stated in State v. Bading, 236 Iowa 468, 471, 17 N.W.2d 804, 807, is that "a motion in arrest of judgment must be granted upon the whole

record * * * in the event the court finds no legal judgment can be [or could be] pronounced." Thus if upon the whole record here it is determined, as defendant contends, that the plea of guilty was not voluntarily entered, but was procured by undue influence, coercion and fraud, no valid judgment or sentence could be pronounced herein. State v. Mullin, 249 Iowa 10, 85 N.W.2d 598, and cases cited therein; Euziere v. United States, 249 F.2d 293 (C. C. A. 10th Cir.) and cases cited therein; 14 Am. Jur., sections 286, 287, pages 960 to 962.

██  II.  Appellant first contends the trial court erred in failing to find from the conflicting testimony that there was coercion and that the plea of guilty was induced thereby. Upon a review of this nature we determine only whether there is substantial evidence supporting the findings of the trial court. If the court accepts and considers the competent and material testimony introduced and, after weighing the same, finds it is either sufficient or insufficient to sustain the burden of proof necessarily devolved upon applicant, that determination is usually binding upon us. Sewell v. Lainson, supra.

Here we note a direct contradiction as to who requested the conferences between the defendant and the county attorney or his assistant, and as to what was actually said at those conferences. Defendant contends he was first approached by the county attorney and asked to plead guilty a few days prior to the appointment of Mr. Goldblatt and the commencement of the trial. He said he agreed under certain conditions not then acceptable. On the other hand, the county attorney testified defendant requested that conference and offered to plead guilty to the rape charge if the county attorney would recommend a ten-year sentence, return his camera and certain pictures seized by the officers and held as evidence in the matter, and allow him an unsupervised visit with his wife. When the county attorney advised he would recommend a fifteen-year sentence and refused to return lewd pictures or permit a visit not under the usual rules of the sheriff's office, no plea was entered.

At later conferences between the defendant and his counsel Goldblatt, and between Goldblatt, the county attorney and the trial court, there was a dispute as to what was said by the

respective parties. By affidavit admitted by stipulation, the county attorney, Edward F. Samore, stated "that neither I nor my assistant nor any member of the County Attorney's staff, nor his counsel in any way made any remarks or acted in any manner calculated or gave any appearance or indication of any effort or desire to pressure the defendant in the very least * * *"; that "* * * he was advised by me in the presence of his counsel that the other charges would have to be disposed of in the normal channels of criminal procedure pursuant to the Laws of the State of Iowa"; that in response to defendant's question as to whether there was any inclination on the part of the State to prosecute under the Habitual Criminal statute or file any other charges, "he was advised by me in the presence of his counsel that there was none." Affidavits of his former counsel, Mr. Goldblatt, largely corroborated those declarations of the county attorney. The trial court stated it "has never had occasion to question the veracity of either of these attorneys", and we do not question that quality in the presiding judge.

We are satisfied there was substantial evidence to support the trial court's finding that as a matter of fact no threats, promises or undue influence calculated to induce defendant to plead guilty to the offense of rape or the included offense of assault with intent to commit rape, were made by the county attorney or his assistants. Thus it must be concluded that no statements were made which were reasonably calculated to influence the defendant to a point of coercion in entering a plea of guilty herein.

III. Counsel argues, however, that the circumstances and sequence of facts strongly indicate the actions of the county attorney were calculated to and did, as a matter of fact, influence and coerce the defendant into entering the plea of guilty, and that the showing was sufficient to require that the judgment and sentence be set aside. A careful examination of those circumstances and events does not reasonably require such a conclusion. While it is true a plea of guilty to a charge contained in an indictment or information must be entered freely, voluntarily and without any semblance of coercion, and that under the United States Supreme Court decisions, as well as our own,

a plea of guilty interposed as a result thereof is not consistent with due process, and that a judgment and sentence imposed pursuant to such a plea cannot stand (Euziere v. United States, Sewell v. Lainson, and State v. Mullin, all supra, and authorities cited therein), the trial court did not believe these events themselves disclose substantial evidence that the acts complained of were calculated to induce defendant's plea. We agree. While we recognize that the events may have given rise to a situation where defendant decided it would be best to enter a plea to the included offense and commence serving his sentence, and while the choices available to him were not good, yet that alone did not indicate the choice was not his own after full and careful consideration thereof with available aid and advice of able counsel. He told the court he understood the plea and "enters said plea of guilty of his own free will and accord and without force, fear or duress of any nature * * *." Defendant's contention now that he was falsely and wrongfully induced to enter the guilty plea, and make that statement in open court, caused the trial court to observe in defendant a significant willingness to falsify when to his advantage. We also note his experience in such matters belies his innocence as to the significance of such statements to the court.

It is true and the record disclosed that defendant had some difficulty obtaining and keeping counsel. Two court-appointed attorneys asked the court to permit their withdrawal, one for illness; one the defendant asked the court to dismiss; and one was unable to accept the appointment. All were reputable members of the local bar. While some eight or nine months passed between his indictment and the trial, defendant himself requested one continuance and admits the other delays were not the fault of the officials. Certainly he was entitled to a speedy trial, but he is not here demanding a dismissal for the reason that it was unduly delayed, such as we considered in Pines v. District Court, 233 Iowa 1284, 10 N.W.2d 574, and McCandless v. District Court, 245 Iowa 599, 61 N.W.2d 674.

He does contend the long stay in jail prior to trial was a circumstance which strongly influenced his decision to enter a plea and have done with it, and that the action of the county

attorney a few days before the commencement of the trial made the prospect of further incarceration in jail a circumstance well calculated to induce the guilty plea. The county attorney filed two charges against him in the municipal court, one alleging the crime of sodomy, and the other possession of obscene literature. Neither was an included offense of the crime of rape, but it is not denied that both were based upon facts discovered or available to the State at the time defendant was originally charged with rape, and did involve the same parties. It certainly was a circumstance to be considered on the question of undue influence, for regardless of the outcome of the trial on the rape charge, defendant faced the prospect of a further stay in jail awaiting trial or disposition of the new charges. However, standing alone, it would scarcely support a conclusion of force, coercion or undue influence. While it may be argued this fact raises an inference of compulsion, it is just as reasonable that, as the trial of the rape charge approached, the county attorney became uncertain of his ability to obtain a conviction of such a serious offense and decided he had better charge some lesser offense which his evidence would more easily sustain.

■ We presume the regularity of actions of officials or courts unless the contrary is made to appear. Sewell v. Lainson, supra, 244 Iowa 555, 560, 57 N.W.2d 556; Burtch v. Zeuch, 200 Iowa 49, 55, 202 N.W. 542, 39 A. L. R. 1349.

■ We know of no rule or statute, and none was cited to us, that would require a State's attorney to file all or any charges that may lie as a result of a given offense, at the time one is chosen. Such a requirement would indeed hamper law-enforcement efforts of the authorities and be most unreasonable. Therefore, while this action was a circumstance to be considered, the trial court correctly found no substantial evidence to justify a finding that the acts were designed to force defendant to plead guilty in the trial then in progress.

At the time defendant entered his plea the State had already completed its case against him in the rape case. His motion to direct had been overruled, and all that remained was for him to submit his defense and await the jury verdict, which he knew could have brought him a life sentence. It is not

strange, then, that he asked for and received a recess to discuss with his attorney the best course for him to take, and for a conference with the State's attorney. Neither was it strange that he knowingly and willingly chose to enter a plea to the included offense of assault with intent to commit rape (section 698.4, Code, 1958), especially when his attorney advised him he had every reason to believe that the court would accept the plea, that the charge of rape would be dismissed, that the charges of sodomy and possession of obscene literature would be dismissed, that no further charges would be filed, and that the county attorney would recommend and the court would sentence him to no more than fifteen years in the State Penitentiary. That term was less than the maximum penalty under section 698.4, Code, 1958.

We find nothing improper in subsequent official action, but note it is common practice that when one pleads guilty or is otherwise convicted of one crime as a result of offenses which may give rise to other charges, those remaining charges are usually dismissed. They were in this case, and we attribute to this fact no such significance as defendant contends. It does not establish his contention of the fulfillment of a promised inducement to obtain the guilty plea. Such subsequent acts by the county attorney and the court, we think, were not inconsistent with accused's free, voluntary, and willing plea of guilty before the court, and do not infer coercion. Martin v. United States, 256 F.2d 345. Counsel for defendant recognizes this, for in his reply brief he admits that none of the circumstances or alleged inducements, standing alone, would justify a finding of coercion or undue influence, yet he argues that, added together, they strongly indicate such overreaching as to void the plea and require that the judgment and sentence be set aside. We do not agree, but find the facts and circumstances, when together considered, would not justify such a finding.

IV. Even if defendant's application is treated as a motion to withdraw his plea, the rule is clear that if a defendant, with full knowledge of the charge against him and of his rights and the consequences of a plea of guilty, enters such a plea understandably and without fear or persuasion, the court

may without abusing its discretion refuse to permit its withdrawal. 14 Am. Jur., sections 286, 287, pages 960–962; Waller v. United States (C. C. A. 8th), 179 F. 810, 31 L. R. A., N. S., 113; Annotations, 66 A. L. R. 638. Thus we must sustain the trial court on its judgment under the findings of fact and the circumstances disclosed herein.

V. We also find no merit to defendant's motion to impeach the testimony of his former attorney, Mr. Goldblatt, for divulging communications between himself and his trial attorney. The rule applicable here is laid down in 97 C. J. S., Witnesses, section 283, at page 808, as follows:

"A relevant communication between lawyer and client is not privileged when offered on the issue of a breach of duty by lawyer to client, and the attorney is no longer bound by his obligation of secrecy when his client charges him with fraud or other improper or unprofessional conduct, and in such circumstances he may testify as to the facts." See Farnsworth v. Sanford, 115 F.2d 375; Cooper v. United States, 5 F.2d 824.

Obviously defendant's charge that he did not act advisedly or voluntarily in entering the guilty plea herein, raised the inference of improper and fraudulent conduct by his attorney, the attorney he had thanked and complimented at the conclusion of the trial on the rape charge. Clearly that was an invitation for Goldblatt to tell all as to the negotiations prior to the plea and particularly as to the conversation in the court chambers during the recess after the close of the State's case.

VI. We are satisfied that the defendant-appellant, Edward E. Bastedo, was given every opportunity to establish his contentions but utterly failed to do so, that he did not establish any coercion, fraud or undue influence, but that the determination by the trial court that his plea was voluntary was established by substantial evidence, and the judgment of that court must be affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.