STATE OF IOWA, appellee, v. MARION RIFE, appellant.

No. 52231.

(Reported in 149 N.W.2d 846)

APRIL 4, 1967.

Anthony M. Critelli, of Des Moines, for appellant.

Richard C. Turner, Attorney General, David A. Elderkin, Assistant Attorney General, and Ray A. Fenton, County Attorney, for appellee.

LARSON, J.—Marion Rife was charged with the crime of forgery as defined in section 718.1, Code of Iowa, 1962, by the Polk County Grand Jury on October 28, 1965. At his trial on January 19, 1966, after the close of the State's case, he entered a

plea of guilty in open court, and on February 3, 1966, was sentenced to imprisonment in the State Penitentiary for a period of not to exceed ten years. Being displeased with his sentence, he asked for and received a court-appointed counsel to aid him in an appeal and in preparing and presenting further motions in the matter. Pursuant thereto on February 18, 1966, he filed a Motion in Arrest of Judgment contending his plea of guilty was not freely and voluntarily entered but was the product of undue influence, coercion, mistake, misinformation, promises and fraud. The State resisted and, upon a hearing on February 24, 1966, before a judge other than the one who presided at his trial, his motion was overruled, and he appeals. We sustain the trial court's ruling.

I. Appellant lists four propositions in support of his claim of error in denying his motion. They are: (1) a judgment and sentence based on a plea of guilty cannot stand unless the plea is voluntarily given; (2) a plea of guilty given as a result of coercion, undue influence and fraud, cannot support a judgment and sentence thereafter imposed, under the due process provisions of the Federal and State Constitutions; (3) a court has no jurisdiction to enter a judgment or pronounce sentence on a defendant if a plea of guilty is not voluntarily given; and (4) an accused may at anytime challenge his conviction under a plea of guilty not voluntarily given or which has been obtained by duress, coercion, fraud or undue influence. The State finds no fault with these propositions, and neither do we. We have so held. See State v. Bastedo, 253 Iowa 103, 111 N.W.2d 255, and citations.

The issue presented here is whether appellant has carried his burden to show his plea of guilty was not voluntarily entered but resulted from duress, coercion, fraud or undue influence, as alleged in his motion. Under the record he entered this plea in open court after being carefully informed of the charge against him and the meaning of his plea. The plea was accepted only after the court had, by questions put to the defendant and his counsel, indicated it was fully understood and no cause appeared why it should not be accepted. No contention is made that either

the judge or the counsel for the State in any way induced the plea or exercised any fraud, coercion, duress or undue influence upon the accused to obtain the plea, and it affirmatively appears defendant was well aware of the maximum penalty prescribed by the Code upon conviction of the crime of forgery. Section 718.1, Code 1962. He had previously been tried and convicted in at least two felony cases and, by his own admission, had "been around quite a bit in criminal matters."

II. Defendant's sole contention is that he entered a plea of guilty because of acts and statements of his self-employed attorney which led him to believe he would receive a jail sentence rather than a penitentiary sentence.

Section 718.1 provides in part that upon conviction of this offense "he shall be imprisoned in the penitentiary not more than ten years or imprisoned in the county jail not exceeding one year, or fined not exceeding one thousand dollars."

Pursuant to this hearing in which testimony was given by defendant, his wife, their attorney, the original trial judge, and the assistant county attorney who represented the State in those proceedings, the trial court found defendant had failed to sustain his allegations, overruled his motion, and remanded him to the custody of the sheriff in order that the judgment be carried out according to law.

Both defendant and his wife testified that when they conferred with their own retained counsel just before entering the plea, counsel told them he thought defendant would get from 9 to 18 months, that it was their "understanding that an arrangement was to be made for me to plead guilty and receive a sentence of 9 to 18 months in jail." How under the statute defendant could get a jail term of over one year was not explained. Defendant further testified that "When he [the attorney] mentioned jail time and how I could take these checks off my wife, I decided to plead guilty." Mrs. Rife, also charged with the crime of uttering a forged instrument under section 718.2, said she also agreed to plead guilty when counsel told her he thought she would receive a year's sentence and a bench parole. That was what she received.

Counsel denied telling defendant and his wife they would receive any specific sentence, but said he told them, after consultations with the judge and the assistant county attorney, that defendant could not get less than the maximum sentence, with little hope of any future parole recommendations, and that he hoped and expected Mrs. Rife, who had five small children to care for, would only receive a year's sentence, with a bench parole.

III. The decision how to plead, of course, is one for the defendant. The ultimate decision must be his, but of course before he can do so intelligently he is entitled to advice on the law of the crime charged and enlightened on the probable outcome of the trial, as well as the punishment he may receive. Since the plea of guilty effectively waives all defenses and objections, inadequacy of advice at the pleading stage cannot be later cured. An experienced appraisal of the available evidence frequently indicates that the chance of a successful defense is negligible. A defense attorney may then be serving his client best by advising him to plead guilty and strive for the most lenient treatment possible. To counsel this strategy is not to advise inadequately even if the expectation of leniency is subsequently disappointing. Monroe v. Huff, 79 U. S. App. D. C. 246, 145 F.2d 249.

The better procedure in accepting a plea of guilty, as found in rule 11, Federal Rules of Criminal Procedure, is that courts should not accept a plea of guilty without first determining that it is made voluntarily and with an understanding of the charge and the possible penalty involved. It is quite clear, if the prosecutor induces a plea by empty promises of leniency, or if the judge threatens to impose the maximum sentence upon a conviction after trial, the plea is involuntary and any judgment based thereon is void. State v. Bastedo, supra; Machibroda v. United States, 368 U. S. 487, 82 S. Ct. 510, 7 L. Ed.2d 473 (1962).

However, if the defendant claims his plea was prompted by erroneous advice of counsel, it may well be that he has misinterpreted remarks that amounted to no more than an educated

guess as to the consequence of the plea. To avoid the difficulty of ascertaining the exact nature of conversations between counsel and client, the courts have generally been reluctant to entertain this type of claim unless it appears that counsel unqualifiedly and falsely represented that the State had accepted a plea bargain and that the defendant justifiably relied on that representation. See 78 Harvard Law Review, Assistance of Counsel, page 1441. The author of this review suggests, to protect himself against unnecessary challenges, defense counsel should take care to explain to the defendant the probable consequences of the plea, fully explain the terms of any agreement with the prosecution, and make it abundantly clear that no promises have been made. The problem is not without difficulty since the determination of what counsel actually said or advised often depends on the interpretation of private conversations, which conversations the principals may not remember accurately. Understandably, in such matters courts are slow to take the interpretation of a previously-convicted felon over that of a competent, well-respected, and experienced practitioner. To do otherwise would surely deter able counsel from accepting the defense of those accused of crime.

In Meredith v. United States, 208 F.2d 680, we find a case quite similar to the one at bar. There also appellant complained that his counsel advised him that he would get a lighter sentence by pleading guilty rather than by fighting the case, but there was no contention the judge or the State's attorney made any promise to him or in any way misled him. The court there concluded: "If his counsel advised him to plead guilty, it was probably good advice." The court in that case denied a hearing on the motion. Here the hearing was had, but defendant has failed to convince the trial court or us that he had been misled or deceived by his own counsel.

IV. In the original trial proceedings the State's evidence had been submitted and admittedly was sufficient to justify a conclusion by defendant's counsel that the verdict would be adverse to his client. Other State charges were contemplated and defendant's counsel had been advised of the State's evidence per-

taining thereto. In addition, Mrs. Rife, while testifying in her husband's trial, admitted her participation in the forgery and her conviction was imminent. At this recess both Mr. and Mrs. Rife asked their counsel to consult with the judge to see what could be done in event they decided to plead guilty. The judge testified he made it clear to defense counsel that he would not consider a sentence of less than the maximum for Mr. Rife, but would consider a jail sentence and parole for Mrs. Rife. It does not seem reasonable to believe, after that conference, that defendant's able counsel would tell the Rifes otherwise or would refer to a jail sentence of over 12 months, contrary to the statute. Defense counsel is one of the best-known and most-respected young lawyers in the Polk County Bar Association, with adequate experience in this field of law. He testified that he had "been involved in quite a few cases involving criminal matters for the five years" he has been in practice.

■ V. The judge who heard defendant's motion resolved the conflict in the testimony in favor of defense counsel and found there was no fraud, coercion or undue influence exercised by him which misled or misinformed defendant or his wife. We agree. After a careful review of the evidence, we find defendant has failed to prove his contention that counsel told him he would receive a jail sentence or induced him to believe that was the arrangement. No useful purpose will be served by a detailed review of the testimony presented herein. At best it discloses defendant had only a faint hope that he would receive less than the maximum sentence because of his past record. He was disappointed, although not really surprised, when that hope was dissipated by the court's pronouncement. It appears that immediately after sentence was pronounced he had a visit with the judge, that he did not tell the court his counsel had told him he would not receive a penitentiary sentence, but wanted to know if anyone from the police department had spoken to the judge in his behalf. He thought they should because he had acted as an informant for them and expected some consideration therefor in the length of his sentence. Thus, it seems reasonable to conclude the contentions now advanced were, in fact, an afterthought, another hope to escape just punishment for his crime.

VI.   Having found no error in the lower court's ruling on defendant's motion in arrest of judgment, and no basis for his contention that his plea of guilty was not voluntarily given, the remand order entered herein must be sustained.—Affirmed.

All JUSTICES concur except THORNTON, J., not sitting.