**STATE of Iowa, Appellee,**

v.

**Harold Henry LINDSEY, Jr., Appellant.**

**No. 53629.**

Supreme Court of Iowa.

Nov. 12, 1969.

John A. Cronkhite, of Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Michael J. Laughlin, Asst. Atty. Gen., and William G. Faches, County Atty., Stephen B. Jackson, Asst. County Atty., Cedar Rapids, for appellee.

LARSON, Justice.

On January 21, 1969, the appellant, Harold Henry Lindsey, Jr., was charged with the crime of larceny of a motor vehicle, in violation of section 321.82 of the 1966 Code of Iowa. At his arraignment before the court he was represented by court-appointed counsel and entered a plea of guilty to the charge. Pursuant to interrogation by the judge, the plea was accepted, a date was set for sentencing, and a presentence investigation was ordered.

Prior to pronouncing sentence on February 3, 1969, the court again questioned defendant and gave each counsel an opportunity to make statements. Counsel for the State then advised the court that, although he had indicated to defendant's

counsel that the State would recommend probation, upon review of the presentence investigation the county attorney had decided no probation should be recommended. Defendant's counsel, making no reference to the county attorney's decision, did not ask to withdraw the plea, but urged the court to grant probation to defendant, who was then 18 years of age. At the conclusion of this hearing the trial court carefully considered the request and rejected it, sentenced defendant to an indeterminate term not to exceed ten years in the Iowa State Men's Reformatory at Anamosa, Iowa, and instructed him in detail as to his appellate rights.

On March 24, 1969, at defendant's request, the court appointed a different attorney to assist defendant in perfecting and prosecuting an appeal. This appeal followed.

The sole error assigned and relied upon for reversal is the trial court's failure at the time of sentence to inquire further into the voluntariness of the plea, especially after the county attorney's statement relative to a probation recommendation. We find no merit in the assignment.

Unless the disclosure at the sentence hearing was sufficient to alert the trial court that statements made to defendant's attorney prior to the plea of guilty were reasonably calculated to influence the accused's decision to a point of coercion or promise of leniency, there was no error in its failure to inquire further into the voluntariness of the plea. We find the circumstances revealed here were insufficient.

■ I. A plea of guilty to a criminal charge should not be accepted by the court without first determining that such a plea is voluntary. To determine that fact, we have said, the court should address the defendant personally to determine that he understands the nature of the charge and the possible sentence that could be imposed, that his plea has not been induced by a promise or threat by those in authority, and that by the plea he waives his right to a

trial by jury. State v. Sisco, Iowa, 169 N.W.2d 542; State v. Whitehead, Iowa, 163 N.W.2d 899; State v. Rife, 260 Iowa 598, 149 N.W.2d 846; State v. Bastedo, 253 Iowa 103, 111 N.W.2d 255; State v. Kulish, 260 Iowa 138, 143, 148 N.W.2d 428, 432; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274; Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473, and citations in each. Also see Parrott v. Haugh, Iowa, 158 N.W. 2d 766, 770; Herold v. Haugh, 259 Iowa 667, 669, 145 N.W.2d 657, 658; State v. Kellison, 232 Iowa 9, 14, 4 N.W.2d 239, 242; State v. Cooper, Iowa, 161 N.W.2d 728.

■ On the other hand, when such inquiry has been made and the defendant has been duly advised of his rights by the court before the guilty plea is accepted, it is the duty of defendant, before sentence is pronounced, to show good cause for its withdrawal or at least move that it be withdrawn. State v. Kellison, supra; Euziere v. United States (10th Cir.), 249 F.2d 293.

■ II. A mere reading of this brief record and transcript shows that the trial court carefully met and complied with each of the above requirements. Indeed, it would be hard to outline a more appropriate inquiry and informative process.

When defendant and his counsel appeared before the court on January 23rd, his attorney informed the court the accused was there "to enter a plea to the charge." The court then stated: "All right. Mr. Lindsey, you are accused of the felony offense of larceny of a motor vehicle in violation of Iowa Code Section 321.82. That code section provides as punishment imprisonment in the penitentiary not more than ten years or by a fine of not more than $1000.00 or by both such fine and imprisonment. Are you aware that that is the potential range of punishment in this case?" Defendant answered, "Yes, I am." The court then asked him, "How do you now plead?" The defendant answered, "Guilty."

Thereafter the following dialogue occurred:

"THE COURT: Is this your own voluntary decision?

"THE DEFENDANT: It is.

"THE COURT: Has anybody induced you to plead guilty by means of any threats or by means of any promise to you?

"THE DEFENDANT: No, they haven't.

"THE COURT: All right. Are you satisfied with the representation that Mr. Blackstock has given you in this matter?

"THE DEFENDANT: Yes, I am.

"THE COURT: And have you had an opportunity to fully and completely discuss the facts of this case with Mr. Blackstock? (Defendant's attorney)

"THE DEFENDANT: Yes, I have.

"THE COURT: And do you understand that by pleading guilty you are admitting that you are in fact guilty of the crime of larceny of a motor vehicle? Do you understand that?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. I find your plea to be voluntary and accept it. I'll set sentencing for January 31, 1969, and I'll want a pre-sentence investigation report."

The parties thereafter agreed on February 3 as the day for sentencing, but on January 31 a hearing was commenced to consider the presentence report. After some preliminaries, the court asked counsel: "Gentlemen, is there any legal cause why sentence cannot be pronounced at this time?" Both counsel replied, "None * *." Thereafter these proceedings occurred:

"THE COURT: All right. Mr. Lindsey, you have previously entered a plea of guilty in this matter. Do you now reaffirm your plea of guilty?

"THE DEFENDANT: Yes, I do."

A discussion of the presentence report and the examination of two probation officers in open court would serve no useful purpose here. It is evident they considered defendant's juvenile record very bad and felt probation after sentence and commitment rather than before was preferred in this case. The matter was then recessed until February 3, 1969, and resumed on that date. At the resumed hearing Mr. Jackson, Assistant County Attorney, appeared for the State in place of Assistant County Attorney Martin. Mr. Martin had previously told the court: "* * * Based on the fact that this is a first adult offense, the County Attorney's Office recommends probation."

When the court extended to defendant and both counsel "an opportunity to make further statements if they so desire", Mr. Jackson said he originally talked with defendant's counsel "regarding this case and indicated to him that we would recommend probation in our office, * * *. I don't believe that was any inducement for this man to plead guilty to this charge. And since then his presentence investigation has come back and it shows quite a lengthy record, and Mr. Faches, the County Attorney, has indicated that no probation should be recommended. * * *" Defendant's counsel then stated: "Your Honor, again I would simply appeal to the Court on the basis of the fact that this is the defendant's first offense charged as an adult, that he be given a chance to see if he can make probation and abide by the rules and regulations as they apply to adults. * * *"

The court then asked: "Mr. Lindsey, is there anything you'd like to say before sentence is pronounced?" The defendant replied: "I think I could do a lot better under adult probation than I did under juvenile. From what I see, a more stronger hand, and I think I could function better under it." The court then asked: "Anything else?" Defendant said: "No." The court then again asked if there is "Any legal cause why sentence cannot be pronounced?" Defendant's counsel answered

"No. Your Honor." Mr. Jackson said: "The State knows of none, * * *."

Sentence was then pronounced and appeal bond set at $2,500.

The court then addressed defendant as follows:

"Mr. Lindsey, you have a right, if you wish, to appeal your conviction to the Iowa Supreme Court. If you are unable to pay the costs of appeal you have a right to apply to this court for appointment of counsel, the furnishing of a transcript, printing of the record on appeal, and necessary briefs on appeal, at the expense of the county. In order to perfect an appeal you must cause to be served on the County Attorney a notice in writing that you are appealing and cause this written notice to be filed with the clerk of this court with evidence of service on the County Attorney endorsed thereon or affixed thereto within 60 days of this date. Now such service and filing of the written notice of appeal within 60 days is what we call jurisdictional, and if the written notice of appeal is not so served and filed with the clerk of this court within 60 days such failure to do so shall be deemed to be a voluntary waiver by you of your right to appeal. * * *" The court went on to explain why probation was not granted and suggested that defendant would undoubtedly be given an early parole if he obeyed the "stronger hand of guidance and discipline."

Perhaps we have set out more of the record than is necessary, but we think it clearly illustrates the problem facing all trial courts today when called upon to determine whether a plea of guilty entered to a pending charge meets the legal and constitutional requirement that it be voluntary.

III. Appellant contends the record discloses a promise by the prosecution to recommend probation, which was withdrawn immediately before sentence. This, he argues, was an empty promise of leniency rendering the plea of guilty previously entered involuntary, and voids the judg-

ment. As authority for this proposition, he cites State v. Rife, 260 Iowa 598, 149 N.W. 2d 846. It is true in Rife we recognized rule 11, Federal Rules of Criminal Procedure, to the effect that courts should not accept a plea of guilty without first determining that it is made voluntarily and with an understanding of the charge and the possible penalty involved. On page 602 of 260 Iowa, on page 848 of 149 N.W. 2d, we stated: "It is quite clear, if the prosecutor induces a plea by empty promises of leniency, or if the judge threatens to impose the maximum sentence upon a conviction after trial, the plea is involuntary and any judgment based thereon is void", citing State v. Bastedo, 253 Iowa 103, 111 N.W.2d 255, and Machibroda v. United States, 368 U.S. 487, 82 S.Ct. 510, 7 L.Ed.2d 473. However, this is not the situation presented here.

We cannot agree that every statement the county attorney or his assistants make in response to a defense counsel's inquiry as to what recommendation the State would make if his client entered a plea of guilty can be labeled "empty promises of leniency" so as to void the plea. To be so classified it must also appear to the court the statement, when made, was likely to induce the accused to enter the plea, that the accused relied upon it and was deceived by it. No other rule would be feasible or practicable. Any other rule would tend to restrict all communication between counsel relative to criminal charges pending and would not be in the public interest. Here the record reveals no circumstances which would reasonably show the county attorney's statement to the accused's counsel was such an inducement, nor does it even infer that was its effect. This conversation would not even amount to plea bargaining.

In Holt v. United States, 7 Cir., 329 F.2d 368, the petitioner in a post-conviction action claimed his plea of guilty was coerced because he had an understanding with the Assistant United States Attorney which amounted to a promise or guarantee of a five-year sentence if he would plead guilty.

After reviewing the record, the Supreme Court could find no statements made which were reasonably calculated to influence the defendant to a point of coercion to enter a guilty plea.

In State v. Lampson, 260 Iowa 806, 149 N.W.2d 116, defendant claimed coercion and undue influence to obtain his guilty plea by the sheriff and two of his attorneys, who he claimed had repeatedly informed him he would get 40 years under the habitual criminal statute if he insisted on pleading not guilty and standing trial. Thus, he said, his plea was in no way voluntary. We held there the possibility of such a charge being filed against defendant might have been a factor in his decision to so plead, but there was no coercion shown. Also, to the same effect, see State v. Clark, 258 Iowa 254, 138 N.W.2d 120; Brewer v. Bennett, Iowa, 161 N.W.2d 749; Parrott v. Haugh, supra, Iowa, 158 N.W.2d 766.

In State v. Whitehead, supra, Iowa, 163 N.W.2d 899, 902, we noted that there is nothing wrong with the universal practice of using plea bargaining as a device for disposing of criminal cases. 81 Harv.L.Rev. 821, 829–830. "The important thing is not that there shall be no 'deal' or 'bargain', but that the plea shall be a genuine one, by a defendant who is guilty; one who understands his situation, his rights, and the consequence of the plea, and is neither deceived nor coerced." Cortez v. United States (9th Cir.), 337 F.2d 699, 701.

In State v. Myers, 241 Iowa 670, 42 N.W. 2d 79, the court faced a somewhat similar situation. Defendant entered a plea of guilty after the county attorney had stated he would recommend the minimum sentence. Subsequently the county attorney decided he could not make such a recommendation and so informed defendant's counsel the day before sentencing. On appeal the court found no merit in the defendant's contention that his plea of guilty was based on reliance of the county attorney's statement because nothing was said to the court about this agreement nor was there any request to withdraw the plea of guilty prior to judg-ment, as defendant is entitled to do under section 777.15 of the 1946 Code (now 1966 Code).

In Euziere v. United States, supra, 249 F.2d 293, defendant filed a motion to vacate and set aside judgment and sentence imposed upon him on the ground that the court coerced him into entering a plea of guilty. Defendant claimed error in overruling the motion. In considering the record on appeal, it appeared the court told the defendant if he put the government to the expense of a trial, he would be sentenced to the maximum term if found guilty. The appellate court found the statements made by the trial court were reasonably calculated to influence the defendant to the point of coercion and this made the plea involuntary.

It is to be noted defendant here does not claim that he was promised any certain sentence if he entered a plea of guilty, that he did not understand the charge and the legal consequences of the plea, that he was not guilty of the charged offense, or that he was threatened by anyone if he did not so plead. He makes no claim that the county attorney's statement was calculated to induce his plea or that he was misled or deceived by the county attorney's expression of an intent to recommend probation. At best, he was merely disappointed by that change of intent by the county attorney.

This is not the situation found in State v. Sisco, supra, Iowa, 169 N.W.2d 542, where we set aside a judgment and sentence for the reason that the defendant was not advised as to these matters, and held the court was under a duty to inquire as to the voluntariness of the plea before accepting it. Here the court performed that duty with great care and was convinced no cause appeared to set aside the plea conviction.

This is also not the situation found in Boykin v. Alabama, supra, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274, where in reviewing the voluntariness of defendant's plea of guilty in a state court the United States Supreme Court found reversible error under the due process clause of Amendment 14 of

the United States Constitution because the record did not disclose any facts from which it could be determined that defendant's plea was intelligently and voluntarily entered.

In State v. Rife, supra, 260 Iowa 598, 602, 149 N.W.2d 846, 848, cited by appellant, we affirmed the judgment and sentence pursuant to a guilty plea, because it affirmatively appeared that defendant was fully advised in the matter and himself chose to enter the plea. We said therein: "The decision how to plead, of course, is one for the defendant. The ultimate decision must be his, but of course before he can do so intelligently he is entitled to advice on the law of the crime charged and enlightened on the probable outcome of the trial, as well as the punishment he may receive."

In Parrott v. Haugh, supra, Iowa, 158 N.W.2d 766, 770, also cited by appellant, we held the petitioner had failed to show that his plea of guilty was involuntary, because it was partly induced by the possibility that a more serious charge might be prosecuted. The court reaffirmed its position in State v. Lampson, supra, Iowa, 149 N.W.2d 116, 122, which cited with approval the following from State v. La Marr, 231 Ind. 500, 109 N.E.2d 457, 459, 460: "When the law requires a plea of guilty to be entered freely and voluntarily it does not mean that an accused acts in the matter of his own free will. No doubt no accused wants to be charged with crime, nor would he like to enter a plea of guilty in any case. The law contemplates that he have an uncoerced election to plead not guilty or guilty, after he has had the benefit and advice of competent counsel. The fact that an accused may elect to plead guilty to a lesser offense when he is also charged with a more serious offense does not make his plea coerced. Nor would the fact that the representative of the State indicated to him that he would be prosecuted under the more serious offense if he pleaded not guilty to the lesser offense, make the guilty plea void or voidable."

In State v. Bastedo, supra, 253 Iowa 103, 110, 111 N.W.2d 255, 259, it was stated:

"We presume the regularity of actions of officials or courts *unless* the contrary is made to appeal." (Emphasis supplied.)

In the case at bar, neither defendant nor his counsel find fault with the county attorney's explanations or reasons for not recommending probation, nor do they claim those communications induced the plea of guilty or that it would not have been entered except for reliance on that indication. On the other hand, after the county attorney's statement, the plea was permitted to stand and defendant personally urged the court to extend him probation. In other words, it appears the defendant and his counsel chose to gamble on the sentence and were then disappointed with its severity.

IV. A defendant cannot be permitted to enter a guilty plea, gamble on the sentence, and then move to withdraw the plea if he is disappointed with the severity of the imposed sentence. State v. Whitehead, supra, Iowa, 163 N.W.2d 899, 902; State v. Rinehart, 255 Iowa 1132, 1138, 125 N.W.2d 242, 245; State v. Vantrump, Iowa, 170 N.W.2d 453, 454. This is, in effect, what defendant attempts to do by this appeal, although at no time before or after judgment has he asked to withdraw that plea. Therefore, it must be concluded he knowingly and intentionally elected to let his plea of guilty stand and gamble on the consequences.

We are not to be understood as saying that if defendant had attempted to withdraw his plea, the court should have granted the request and would have abused its discretion in refusing to do so.

Here the trial court was very careful to determine whether there had been any change of heart by defendant since the pre-sentence investigation had been completed. At the commencement of the hearing to determine sentence the trial court asked defendant, "Do you now reaffirm your plea of guilty?" and was given an affirmative reply. Furthermore, subsequent

to the statements of the probation officers and the assistant county attorney the court gave defendant and his counsel the opportunity to challenge the plea or ask that it be set aside. It inquired if they had anything more to say before sentence was pronounced and they replied in the negative. Even then the court asked both counsel if there was any legal cause why he should not then pronounce sentence and was assured they knew of none. Since nothing appeared which would even tend to prove the plea was not voluntary at the time of sentence, the conviction and judgment must be affirmed.

Affirmed.

All Justices concur.