**STATE of Iowa, Appellee,**

v.

**Edwin Levi CLARY, Appellant.**

**No. 54878.**

Supreme Court of Iowa.

Jan. 17, 1973.

John C. Platt, and Jon M. Kinnamon, Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Fred M. Haskins, Asst. Atty. Gen., and William G. Faches, County Atty., for appellee.

Submitted to MOORE, C. J., and LeGRAND, REES, UHLENHOPP and HARRIS, JJ.

PER CURIAM:

Defendant appeals from judgment imposing sentence following a guilty plea conviction of larceny in the nighttime of property with a value of less than twenty dollars, in violation of Code section 709.4.

On January 22, 1971 defendant, with his court-appointed attorney, entered a not guilty plea to the charge of larceny in the nighttime of property valued at over twenty dollars.

On February 16, 1971 defendant, with counsel, withdrew his former plea and entered a plea of guilty to the charge, as amended alleging the property to be worth less than twenty dollars. On this indictable misdemeanor charge the lower court immediately thereafter sentenced defendant to serve one year in the Linn County jail but suspended the sentence during good behavior as recommended by the prosecutor.

The guilty plea procedure was:

"THE COURT: The defendant desires to withdraw the plea of not guilty heretofore entered and enter a plea of guilty to the—is that correct?

"MR. PLATT: That's correct. (Defendant's Attorney).

"THE COURT: Let the defendant answer.

"EDWIN LEVI CLARY: Yes, Your Honor."

Defendant was not questioned further.

As asserted by defendant-appellant the plea of guilty must be set aside and the lower court judgment reversed.

In reference to accepting a plea of guilty to an indictable misdemeanor or felony charge we said in State v. Sisco, Iowa, 169 N.W.2d 542, 549:

"We are persuaded and now hold, when a guilty plea is entered by defendant, the court must address the accused personally and by that procedure heretofore prescribed determine whether he understands the charge made, is aware of the penal consequences of the plea, and that it is entered voluntarily. Nothing less will suffice." See also State v. Lindsey, Iowa, 171 N.W.2d 859.

Reversed and remanded for further proceedings consistent herewith.