## IN THE COURT OF APPEALS OF IOWA

No. 21-1232
Filed March 8, 2023

**DANIEL JOSEPH POOLE,**
 Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
 Respondent-Appellee.
_____

 Appeal from the Iowa District Court for Polk County, Martha L. Mertz, Judge.

 In a postconviction-relief action, the applicant appeals his convictions for possession of a controlled substance with an intent to deliver. **AFFIRMED.**

 William C.P. Westfall, Des Moines, for appellant.

 Brenna Bird, Attorney General, and Zachary Miller, Assistant Attorney General, for appellee State.

 Considered by Bower, C.J., Ahlers, J., and Carr, S.J.*

 *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**CARR, Senior Judge.**

Following a morning-of-trial guilty plea, Daniel Poole was convicted of possession of a controlled substance with an intent to deliver under Iowa Code section 124.401(1)(b)(7) (2018). He did not appeal, but later applied for postconviction relief (PCR), alleging ineffective assistance of counsel and plea coercion; the PCR court rejected his arguments. Poole now appeals. We affirm, finding counsel was not ineffective in the particulars claimed and that, even if Poole's coerced-plea claim was preserved, it was not proved.

## I.      Background Facts & Proceedings

On July 7, 2018, at about 3:00 a.m., Poole and a friend, Tristan Fast, were walking on a city sidewalk in Des Moines when approached by police officers. The officers were looking for a suspect that matched Fast's description. The officers approached the pair. As the officers neared the two, they noticed Poole had an open container of alcohol on him. Poole quickly turned away, bent over, and appeared to try to hide something in the area of his waist. As the officers sought to restrain him, Poole flung an object into the adjacent street. The officers restrained and handcuffed Poole and Fast. They found a baggie in the street which later proved to be methamphetamine weighing a quarter pound.

After securing the two, the police retrieved the methamphetamine and searched Poole, finding $3126 and a prescription bottle containing various pills, none of which were prescribed for Poole. Poole said the money came from savings, although he had no job. Poole refused to give them his name. Much later he explained the money came from a personal injury settlement. The officers arrested Poole but released Fast.

Poole was charged with five felonies, all enhanced because of Poole's prior felony and drug convictions. Before trial, Poole conferred with his attorney about his chances at trial and what his potential sentence might be.

On the morning of trial, the parties reached a plea agreement, which provided that Poole would plead guilty to possession of a controlled substance with intent to deliver under section 124.401(1)(b)(7) and the State would dismiss the remaining counts. In the course of the record made during the plea of guilty, defense counsel explained he did not file a motion to suppress because he believed the officers had a strong argument for conducting the *Terry* stop which led to Poole's arrest. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968). He also articulated that Poole was subject to arrest for possessing the open container on the public sidewalk, justifying his custodial arrest, and that the methamphetamine thrown into the street could be deemed abandoned and, therefore, not subject to suppression. Defense counsel also noted the State's policy to rescind any plea offer if a motion to suppress had been filed.

After the court accepted Poole's oral guilty plea, Poole requested immediate sentencing, and the court made a record on Poole's right to file a motion in arrest of judgment and use of a presentence investigation at sentencing. Poole waived his right to each. Poole also stated that his plea was not coerced and that he had enough time to discuss his case with his attorney. The court found Poole voluntarily admitted to his guilt.

The court sentenced Poole according to the plea agreement. Poole did not appeal his sentence or conviction, but he filed a PCR application in October 2019.

The court heard the matter in July 2021 and issued an order a month later, denying the application. Poole now appeals the denial.

## II.     Standard of Review

Generally, PCR proceedings are reviewed for the correction of errors at law. *Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017). If a claim involves a fundamental constitutional right, however, our review is de novo. *Id.* "On de novo review, 'we give weight to the lower court's findings concerning witness credibility,' [b]ut we are not bound by the lower court's determination." *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021) (citations omitted).

## III.     Ineffective Assistance

To show ineffective assistance of counsel, Poole must demonstrate both a breach of an essential duty by counsel and prejudice "sufficient to undermine our confidence in the outcome." *See State v. Swift*, 955 N.W.2d 876, 881 (Iowa 2021). "We presume counsel performed competently unless the claimant proves otherwise by a preponderance of the evidence. Counsel's performance is measured objectively against the prevailing professional norms after considering all the circumstances." *State v. Booth-Harris*, 942 N.W.2d 562, 577 (Iowa 2020) (citation omitted). Establishing prejudice requires the applicant to show a reasonable probability that but for counsel's unprofessional errors, "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In the context of a claim of ineffective assistance in a guilty plea proceeding, the prejudice the applicant must prove is that, but for counsel's errors, he or she would not have pleaded guilty and would have insisted on going to trial. *State v. Straw*, 709 N.W.2d 128, 138 (Iowa 2006).

**A.** First, Poole argues ineffective assistance based on his trial counsel's failure to investigate his claims of actual innocence. He contends trial counsel incorrectly advised him about the police body cam footage and $3126 found on Poole, telling him both pieces of evidences showed Poole's guilt. Counsel's failure to investigate these points further, Poole contends, constituted ineffective assistance of counsel.

We have struggled to understand Poole's precise claim entitling him to relief. If he is advancing a free-standing claim of actual innocence grounded in *Schmidt v. State,* 909 N.W.2d 728 (Iowa 2018), he would need to prove his actual innocence by clear and convincing evidence. The two topics he proffers, the claimed failure of the police body camera footage to clearly depict his throwing the baggie into the street and his explanation of his receipt of the cash do not negate a finding of his guilt. He knew what his actions were and the source of the cash as soon as his arrest. We have reviewed the body camera video. It is too dark to see the throw, but it corroborates the police account in all other particulars, including showing discovery of the baggie near the location of Poole's apprehension. As the forfeiture court noted in its ruling entered four months after Poole's plea of guilty, it is likely the insurance settlement money was used to purchase the methamphetamine in the baggie and does not negate a finding he possessed it with intent to deliver it. Any claim of actual innocence would fail.

If Poole's claim is that his plea counsel was ineffective for failing to look further into the two topics, his claim would fail as well. Counsel's conduct in failing to further investigate topics already well known to Poole was not a breach of a duty and did not prejudice Poole. Conclusory claims that argue counsel "should have

done more" are not enough to show a breach of duty. *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994).

**B.** Poole next alleges ineffective assistance of counsel based on trial counsel's failure to file a motion to suppress. He argues the arresting officers illegally stopped and searched him, and the failure to file a motion to suppress the search constituted ineffective assistance.

We disagree. Counsel has no duty to file futile motions. *See State v. Dudley*, 766.W.2d 606, 620 (Iowa 2009) (recognizing counsel has no duty to raise issues without merit). Trial counsel explained at the plea hearing why a motion to suppress would not have succeeded, as the officers had reasonable cause for conducting the initial *Terry* stop that led to the arrest. *See Terry*, 392 U.S. at 30. Further, it was arguable that the baggie of methamphetamine thrown into the street had been abandoned and Poole had no standing to object to its seizure. Finally, as plea counsel articulated, Poole's possession of the open container alone would have justified his arrest and search. Trial counsel was not ineffective for failing to move to suppress.

## IV.    Plea Coercion

Last, Poole contends his plea was coerced by trial counsel, arguing that counsel threatened him into taking the plea ageement. Poole alleges that trial counsel told him a jury would convict him, threatening perjury charges, federal prosecution, and a potential long prison sentence that Poole would live to "regret for a long time."

Poole cannot attack his guilty plea, having waived his right to file a motion in arrest of judgment and proceeding to immediate sentencing. To attack a plea

as coerced, a defendant normally must file a motion in arrest of judgment within forty-five days of the plea entry but no more than five days before sentencing. Iowa R. Crim. P. 2.24(2)(a). Poole waived his ability to file a motion in arrest of judgment during the plea hearing, which precludes his ability to attack his plea as coerced in a postconviction petition. *See* Iowa Code § 822.8.

Even if Poole had not waived his right to attack his plea as coerced, his argument would still fail. Nothing in the record suggests trial counsel coerced Poole into pleading guilty. Trial counsel gave Poole his candid, indeed, blunt, opinion about the likely outcome of the case if it went to trial. Poole entered the plea agreement freely, voluntarily, and without coercion. *See State v. Bastedo*, 111 N.W.2d 255, 258 (Iowa 1961). Poole has not satisfied his burden to show that his plea was coerced. *See Hahn v. State*, 306 N.W.2d 764, 769 (Iowa 1981).

We affirm the PCR court on appeal.

**AFFIRMED.**