In October 2007, Derek Collier filed a written guilty plea to assault causing bodily injury. In January 2008, Collier filed a written guilty plea to assault with intent to cause serious injury. Both pleas were based on the same incident in which two victims were assaulted by Collier and Shawn Walker.
A sentencing hearing was held on January 18, 2008. Collier was sentenced to 365 days in jail and fined for assault causing injury. Collier also was sentenced to an indeterminate two-year term of imprisonment and fined for assault with intent to cause serious injury. The court ordered the sentences to run consecutively.
Collier appeals arguing the sentences should be vacated and the case remanded for resentencing. Collier contends the sentencing court considered facts from Shawn Walker's trial when determining Collier's sentence.
The State argues Collier failed to preserve error by not objecting to the court's alleged reliance of facts outside the record. The State's claim is without merit. Ordinary preservation-of-error principles do not apply in a sentencing context. See State v. Cooley, 587 N.W.2d 752, 754 (Iowa 1998).
Our review of sentencing decisions is for correction of errors at law. Id. In order to vacate his sentence, Collier must prove an abuse of trial court discretion or a defect in the sentencing procedure such as consideration of impermissible factors. See State v. Grandberry, 619 N.W.2d 399, 401
(Iowa 2000). Because a sentencing decision "enjoys a strong presumption in its favor," Collier "must affirmatively show that the district court relied on improper evidence such as unproven charges." See State v. Jose, 636 N.W.2d 38, 41 (Iowa 2001).
Noting the sentencing judge also presided over Shawn Walker's trial, Collier argues the district court's statements concerning the permanency of one victim's injuries and its statements concerning Collier actively encouraging Walker to attack the victim are outside his factual record. To support his challenge to the sentences imposed, Collier references the court's statement in response to his attorney asking for the source of the court's factual findings: "That information came from the Walker trial, at least some of it did. Some of it may be duplicated in the — in some of the filings in this case also."
We conclude the court's explanation reveals it improperly considered facts outside Collier's case record. We are not free to "speculate about the weight the trial court mentally assigned to [the improper factors]." State v Messer,306 N.W.2d 731, 733 (Iowa 1981). If a court uses any improper consideration in determining a sentence, resentencing is required.Grandberry, 619 N.W.2d at 401. This is true even if the improper factors are a "secondary consideration." Id.
Consideration of information obtained from the Walker trial that is not included in the Collier record requires a remand for resentencing.
SENTENCE VACATED AND REMANDED FOR RESENTENCING.