**IN THE COURT OF APPEALS OF IOWA**

No. 14-1208
Filed March 25, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**REBECCA LYNN OELMANN,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Wright County, Paul B. Ahlers, District Associate Judge.

Rebecca Oelmann appeals from the sentence imposed following her guilty plea, asserting the district court considered an improper sentencing factor. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Mary A. Triick, Assistant Attorney General, Eric Simonson, County Attorney, and Jonathan Murphy, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Doyle and McDonald, JJ.

**DOYLE, J.**

Rebecca Oelmann appeals the sentence imposed following her guilty plea. She asserts the sentencing court considered an improper sentencing factor. We find the district court did not rely on an improper factor in sentencing Oelmann. Accordingly, we conclude there was no defect in the sentencing procedure. We therefore affirm.

The State originally charged Oelmann with the crime of theft in the second degree, in violation of Iowa Code sections 714.1(1) and 714.2(2) (2013), a class "D" felony. The charge arose out of Oelmann's presenting checks written on a closed account on September 3 and 4, 2013. Oelmann and the State reached a plea agreement. The State agreed to amend the charge to theft in the third degree, in violation of Iowa Code sections 714.1(6) and 714.2(3), an aggravated misdemeanor, and Oelmann agreed to plead guilty to the amended charge. The State also agreed to recommend a sentence of 120 days in jail with all but four suspended, in forty-eight-hour increments, probation for one year, restitution, plus a fine, costs, and miscellaneous surcharges. Additionally, the sentence would run concurrent with a sentence imposed against Oelmann in Franklin County. The court accepted Oelmann's guilty plea and set sentencing for hearing. At the sentencing hearing, held in July 2014, the district court imposed a sentence of 180 days in jail with all but thirty days suspended. Oelmann was placed on probation for two years. She was also ordered to pay restitution, a fine, court-appointed attorney fees, court costs, and miscellaneous surcharges. She now appeals asserting the sentencing court considered an improper factor in imposing the sentence.

Our review is for correction of errors at law. *State v. Thomas*, 547 N.W.2d 223, 225 (Iowa 1996). The decision to impose a sentence within statutory limits is "cloaked with a strong presumption in its favor." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). The sentence will not be upset on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). An abuse of discretion is found only when the sentencing court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Thomas*, 547 N.W.2d at 225. The consideration by the trial court of impermissible factors constitutes a defect in the sentencing procedure. *Id.*

One impermissible factor is the consideration of another criminal offense where the facts before the court do not show the defendant committed the offense. *See State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). It is a well-established rule that a sentencing court may not rely upon additional, unproven, and unprosecuted charges where the defendant has not admitted to the charges or facts are not presented to show the defendant committed the offenses. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002). When a sentence is challenged on the basis of improperly considered, unproven criminal activity, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on. There is no general prohibition against considering other criminal activities by a defendant as factors that bear on the sentence to be imposed." *Longo*, 608 N.W.2d at 474. However, if a court uses any improper consideration in determining a sentence, resentencing is required. *Grandberry*, 619 N.W.2d at 401. This is true even if the improper factors are a "secondary

consideration." *Id.* We are not free to "speculate about the weight the trial court mentally assigned to [the improper factors]." *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981).

At the sentencing hearing, the court asked about Oelmann's criminal history. The prosecutor informed the court "there's a second degree theft out of Franklin County which was sentenced in February of this year." Oelmann's counsel agreed that was correct and agreed Oelmann's five-year prison sentence on that conviction had been suspended. It appears that offense occurred in June 2013. Prior to pronouncing sentence, the court explained the factors it considered in fashioning a sentence:

> Ms. Oelmann, you are hereby adjudicated guilty of the crime of Theft in the Third Degree, an aggravated misdemeanor, in violation of Iowa Code Sections 714.1(6) and 714.2(3).
> In terms of a sentence, I believe the sentence I am to impose here today provides for your rehabilitation and protection of the community. To the extent these details have been made known to me, I have taken into account your age, your lack of employment—or I guess your employment circumstances, which is some employment because you are making some earnings from your babysitting job for your cousin, your family circumstances, your criminal history, including the fact that you had already been charged with theft in the second degree and ultimately convicted of that theft in the second degree and ultimately convicted of that offense when you committed the crime that brings you here today.

Defense counsel objected, "I believe we determined that she was convicted after." The court responded, "She was convicted after. She was charged, the Trial Information was filed July 29. . . . Complaint filed July 15. Offense date here is September 2nd." The court went on to state, "My point being that you knew that you had—were in trouble for the prior crime when you committed this one so you knew those charges were pending when this one was committed."

On appeal Oelmann argues,

The court relied on the misapprehension that she had already been convicted of theft in the second degree in Franklin County when she committed the theft charge in this case. The court's mistaken belief is akin to an improper factor because it is not based on the facts admitted and proven in the record.

We disagree.

In sentencing Oelmann, the court did not rely on a misunderstanding about the timing of Oelmann's Franklin County theft conviction. After an exchange with defense counsel, the court corrected its original statement. The record is clear the court was well aware Oelmann's Franklin County theft charge was only pending when Oelmann committed the theft offense in Wright County, and that she was later convicted on the Franklin County charge. Despite the clarification made by counsel and correction made by the court prior to pronouncing sentence, Oelmann asserts that "even though the error was brought to the court's attention, the record shows that the court still took this impermissible consideration into account" and that "the court nevertheless relied on the misapprehension that she's been convicted of the theft in Franklin County before committing the present theft in Wright County." No such showing is made in the record.

Oelmann further argues that although the court corrected itself, "this does little to dispel the notion that [the] court still had the previous improper consideration in mind" because "the court never expressly disavowed reliance on the impermissible factor." A disavowal was unnecessary. The court's correction was unequivocal: "My point being that you knew that you had—were in trouble for the prior crime when you committed this one so you knew those charges were

pending when this one was committed." The court merely considered the fact that Oelmann was already in legal trouble for the Franklin County crime when she committed another crime in Wright County, which was true. It was admitted Oelmann committed the crime of theft in Franklin County in late June 2013, a crime to which she pled guilty.

We conclude the district court did not consider any impermissible factors in imposing Oelmann's sentence. We therefore affirm.

**AFFIRMED.**