# IN THE COURT OF APPEALS OF IOWA

No. 15-1133
Filed February 10, 2016

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**CHRISTOPHER ANTHONY SMITH,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Dubuque County, Robert J. Richter, District Associate Judge.

Christopher Smith appeals from the sentence imposed following his plea of guilty to one count of operating a motor vehicle while under the influence, first offense. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Mark C. Meyer, Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kevin R. Cmelik and Sheryl A. Soich, Assistant Attorneys General, for appellee.

Considered by Potterfield, P.J., and Doyle and Tabor, JJ.

**POTTERFIELD, Presiding Judge.**

Christopher Smith appeals from the sentence imposed following his plea of guilty to one count of operating a motor vehicle while under the influence of alcohol (OWI), first offense, in violation of Iowa Code section 321J.2(1)(a) (2013). He contends the court considered improper factors in its sentencing decision. We vacate the sentence imposed and remand for resentencing.

**I. Background Facts.**

On May 14, 2015, Smith entered a written plea of guilty to OWI, first offense, as a result of his having driven under the influence on December 22, 2013. At the June 1, 2015 sentencing hearing, the parties advised the court that two other traffic charges related to the OWI charge (no insurance and failure to maintain control) were to be dismissed at Smith's cost, as was an unrelated citation alleging public intoxication on June 22, 2014. The State recommended the court impose a term of 360 days in jail with all but sixty days suspended and self-supervised or "informal" probation. Smith's attorney requested the court impose a term of seven days in jail and that Smith receive work release and informal probation. Smith exercised his right of allocution, stating he had obtained a substance-abuse evaluation as soon as it was possible and followed through with recommended services. Smith confirmed that he was going to AA meetings and stated he was "doing very well without drinking."

The sentencing court stated:

Well, Mr. Smith, there are several things I need to take into account when I make a decision about sentencing and I'm doing that in your case.

I consider your age, your employment considerations, family situation, the need for deterrence, the need for rehabilitation, and the nature of the offense.

It's interesting that you've gone a long period of time there with a gap in charges,[1] but then you got this one and then there was another incident in June.

You didn't plead guilty to that but there was a Public Intox charge, so that only—I'm not considering that as a conviction in any way, but it makes me wonder about how well your sobriety has been going.

And I can see where the State's coming from wanting to make the jail sentence more severe to impress upon you the need for to you maintain your sobriety and need for the community to be safe so that way you're deterred from ever making a poor decision again.

Also, it's pretty clear from the incident, whether there was a lot of snow on the ground or not, you weren't able to maintain your course on the road and most of the time that's related to the level of intoxication that an individual has when they're operating, so I'm kind of going to go in between the two recommendations, okay?

There will be a 360-day jail sentence, but instead of imposing 60 I'm going to impose half of that, 30 days, so it's 360 with all but 30 days suspended, and I'm also not going to go with informal probation.

I'm going to make it formal probation to the Department of Correctional Services. I'm doing that just as an additional way of having someone there to kind of meet with on a regular basis that can impress upon you the need for you to maintain sobriety. It's for your own safety and also for the community's safety.

In its written judgment and sentence, the district court found these factors "the most significant": the nature and circumstances of the crime, the plea agreement, the defendant's family circumstances, the maximum opportunity for rehabilitation, the defendant's age and character, his employment, and the protection of the public from further offenses.

---

[1] Smith had prior alcohol-related offenses, two in the 1980s and an OWI in 2006.

On appeal, Smith argues the sentencing court improperly considered an unproven offense (the dismissed public intoxication charge) and the fact that he drove into a ditch.

## II. Scope and Standard of Review.

The imposition of a particular sentence within the statutory limits is committed to the discretion of the district court and will be reversed only upon a showing of an abuse of that discretion or a defect in the sentencing procedure. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002)*; State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).  Consideration of an improper sentencing factor constitutes an abuse of the court's discretion.  *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994).  "It is well-established that a sentencing court may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses."  *Formaro*, 638 N.W.2d at 725.

## III. Discussion.

"If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required," even if it was "merely a 'secondary consideration.'"  *Grandberry*, 619 N.W.2d at 401 (Iowa 2000) (quoting *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981)).  Here, although the district court attempted to disclaim consideration of the unproven public intoxication charge, it linked the unproven public intoxication charge to its evaluation of Smith's efforts to maintain sobriety. "[W]e cannot speculate about the weight the sentencing court gave to these unknown circumstances.  Since we cannot evaluate their

influence, we must strike down the sentence." *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982). "In order to protect the integrity of our judicial system from the appearance of impropriety," we vacate Smith's sentence and remand the case to the district court for resentencing before a different judge. *See State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) (remanding where sentencing court attempted to disclaim reference to impermissible sentencing factor).

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**