# IN THE COURT OF APPEALS OF IOWA

No. 17-0428
Filed December 20, 2017


**STATE OF IOWA,**
       Plaintiff-Appellee,

**vs.**

**JESSICA ZOE ZEIEN COX,**
       Defendant-Appellant.
_____


Appeal from the Iowa District Court for Chickasaw County, Richard D.

Stochl, Judge.


A defendant challenges her sentence for serious injury by vehicle.

**SENTENCE VACATED AND REMANDED.**


Adam R. Junaid of Frerichs Law Office, P.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee.


Considered by Vaitheswaran, P.J., McDonald, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2017).

**MCDONALD, Judge.**

Jessica Zeien-Cox pleaded guilty to the charge of serious injury by vehicle, in violation of Iowa Code section 707.6A(4) (2015). At sentencing, she requested the district court defer judgment. The district court denied the request to defer judgment and instead sentenced Zeien-Cox to an indeterminate term of incarceration not to exceed five years, suspended the sentence, and placed her on probation. Zeien-Cox challenges her sentence in this appeal, contending the district court abused its discretion in imposing sentence by considering impermissible information.

We review sentencing decisions for correction of errors at law. *See State v. Witham*, 583 N.W.2d 677, 678 (Iowa 1997). We will not disturb a sentence unless the defendant demonstrates an abuse of discretion or a defect in the sentencing procedure. *See State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002); *State v. Gonzalez*, 582 N.W.2d 515, 516 (Iowa 1998). Resentencing is required if a court considers improper information at the time of sentencing. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000).

At issue in this case is whether it was proper for the district court to consider Zeien-Cox's intimate relationship with a man subject to an arrest warrant as an aggravating factor in imposing sentence. Specifically, the presentencing investigation report (PSI) contained the following information:

> The defendant is single and not in a relationship at this time. She reports being pregnant with twins as a result of a relationship with William Charles Anderson . . . . She reports he is in North Dakota and they broke up after five months due to arguments. She hopes they will reconcile. She denies he has any history of arrest, substance abuse or mental health problems. However, on line court records indicate there is an active warrant for William's arrest for

felony drug charges in Black Hawk County . . . . The warrant was issued in August 2016 after Tri County Drug Task Force executed a search warrant at his Cedar Falls apartment allegedly finding marijuana, hashish and a .40-caliber handgun.

At the sentencing hearing, the district court explained its reasons for imposing sentence:

> THE COURT: Jessica Zoe Zeien-Cox, you are hereby adjudged guilty of the offense of serious injury by vehicle in violation of Iowa Code section 707.6A(4). I do not believe that a deferred judgment is appropriate under these circumstances. I've reviewed the [PSI], and one thing that does concern me is the fact that after this incident occurred, you were in a relationship with a man whose house was subjected—or a search warrant was executed on his home. Marijuana, hashish, and a .40-caliber revolver were in his home. That was in August of 2016. According to the PSI, you are about two months pregnant, so you continued to have a relationship with him after he was arrested. Is that incorrect?
> THE DEFENDANT: That is incorrect. I had no idea that he had been in trouble. And we—
> THE COURT: But, I mean, you're due in August of 2017; correct?
> THE DEFENDANT: Correct.
> THE COURT: So your relationship with him was after he had been arrested pursuant to a drug search warrant executed by the Tri-County Drug Task Force; correct?
> THE DEFENDANT: Correct. But I did not know about that—
> THE COURT: I understand.
> THE DEFENDANT: —until I—
> THE COURT: I understand.
> THE DEFENDANT: —had gotten that paperwork back.
> THE COURT: I also take into consideration the very serious nature of this incident, including the serious injuries not only to the victim who has written on behalf of himself but also the two other victims, this incident—the fact that it occurred very shortly after you had inhaled [illegal drugs] within the vehicle while operating the motor vehicle. I sentence you to an indeterminate term not to exceed five years, fine of $750.00. However, I do suspend the $750.00 fine and place you on formal probation for a period of no less than five years. However, due to my concerns and the State's position as to deterrence, I do believe it is appropriate that you reside at the Women's Center for Change in Waterloo, Iowa, for a period of up to one year or until maximum benefits can be obtained. This will allow you to continue to work, to continue to pursue your college education,

> but it will also allow you to have the supervision that I still believe you need under these circumstances. . . .
>
> The reason for my sentence is the defendant's age, the circumstances of the offense, the work she has done since the incident occurred.

The sentencing order that followed listed as reasons for the sentence: "nature of offense," "prior record," and "PSI."

As a general proposition, it is not impermissible for the sentencing court to consider a defendant's personal relationships in imposing sentence. The Code provides the sentencing court shall consider the "defendant's family circumstances" and "[s]uch other factors as are appropriate" in imposing sentence. Iowa Code § 907.5. In addition, the sentencing court is "free to consider portions of a presentence investigation report that are not challenged by the defendant." *Grandberry*, 619 N.W.2d at 401. The presentence investigation report "shall" consider a defendant's "social history." *See* Iowa Code § 901.3(1)(b). The sentencing court's consideration of the defendant's personal relationships only makes sense—one is known by the company one keeps, birds of a feather flock together, et cetera. The quality of the defendant's social network and support system—whether considered as "family circumstances," "social history," or "other factors as are appropriate"—bears directly on the issue of whether the defendant will succeed under supervised probation and thus whether supervised probation is an appropriate sentence. *See, e.g., State v. Jasper*, No. 01-1286, 2002 WL 1430746, at *1 (Iowa Ct. App. July 3, 2002) (stating the defendant's "current support network directly reflects on his chances for reform or rehabilitation, and also reflects on the court's duty to protect the public from further criminal activity");

*State v. Hellman*, No. 00-1679-CR, 2001 WL 301459, at *1 (Wis. Ct. App. Mar. 29, 2001) (considering defendant's choices of paramours in imposing sentence).

We nonetheless conclude the district court abused its discretion in sentencing this defendant. Where the defendant challenges the sentencing court's reliance on certain information in imposing sentence, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Longo*, 608 N.W.2d 471, 474 (Iowa 2000). Here, the sentencing court took into consideration the defendant's intimate relationship with Anderson but repeatedly stated it considered the fact the defendant continued the relationship with Anderson after Anderson had been arrested. These facts are not supported by the record. There is nothing in the record showing Anderson was arrested. Rather, the record reflects Anderson was subject to an arrest warrant. Second, the defendant denied knowledge of Anderson's activities and also denied an ongoing relationship with Anderson. The presentence investigation report stated, "The defendant is single and not in a relationship at this time."

The State contends the district court's misstatements were immaterial to sentencing. We disagree. The nature of the defendant's relationship to Anderson and Anderson's alleged criminal conduct appear to have been significant considerations for the sentencing court. In considering those facts, the district court appeared to have misapprehended the sentencing record. Consideration of information not supported by the sentencing record is a defect in the sentencing procedures that requires remand for resentencing. *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981). This is true even if the improper factors were only a "secondary consideration." *Grandberry*, 619 N.W.2d at 401. We do not speculate

on the weight the sentencing court assigned these factors. Instead, we must remand this matter for resentencing based on those considerations actually supported by the record. *See State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982); *State v. Clayton*, No. 10-2002, 2011 WL 3689136, at *2, *5 (Iowa Ct. App. Aug. 24, 2011) (vacating sentence where court stated defendant was "shooting up the town" with a "semi-automatic loaded" weapon when defendant "made no admissions regarding the alleged firearm or shooting incident" and entered guilty plea only to possession of marijuana with intent to deliver).

For the foregoing reasons, we vacate the defendant's sentence and remand this matter for resentencing.

**SENTENCE VACATED AND REMANDED.**