# IN THE COURT OF APPEALS OF IOWA

No. 17-1037
Filed May 2, 2018

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JOSHUA LEE PHIPPS,**
　　　Defendant-Appellant.
_____

　　　Appeal from the Iowa District Court for Polk County, Robert J. Blink, Judge.


　　　Joshua Phipps appeals the judgment and sentence entered after a jury found him guilty of aggravated theft. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**


　　　Mark C. Smith, State Appellate Defender, and Mary K. Conroy, Assistant Appellate Defender, for appellant.

　　　Thomas J. Miller, Attorney General, and Kyle P. Hanson, Assistant Attorney General, for appellee.


　　　Considered by Vogel, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Joshua Phipps appeals the judgment and sentence entered after a jury found him guilty of aggravated theft. He contends his trial counsel was ineffective by failing to object to the jury instructions. He also contends the court relied on an impermissible factor in determining his sentence.

### I. Background Facts and Proceedings.

On December 20, 2016, a Hy-Vee employee suspected that Phipps was attempting to shoplift from the store. The employee confronted Phipps and prevented Phipps from leaving the store through the north exit. When Phipps then attempted to leave through a different exit, the employee ran ahead of him and stood in front of the door to physically block Phipps's egress but Phipps "aggressively pushed through" him. A scuffle ensued, sending both men to the ground. Employees restrained Phipps until law enforcement arrived.

During the scuffle, an unopened DVD and other items sold at the store fell onto the ground. The items totaled $138.93 in value.[1] Phipps did not have a receipt showing he purchased the items and offered no explanation as to how they came into his possession. Phipps told the responding officer that "he didn't do anything and the employees just randomly attacked him."

---

[1] After the incident, a Hy-Vee employee rung up the items and produced a receipt to total up the value of the items. The receipt, Exhibit 2, shows a total amount of $147.27, but adding the value of each item only totals $138.93. Although there is no reference to sales tax on the receipt, the total amount indicated obviously includes 6% sales tax. We have held that sales tax does not increase the value of property, and therefore, our theft statutory scheme "does not allow for the addition of sales tax on an item not yet purchased." *State v. Kluge*, 672 N.W.2d 506, 509 (Iowa Ct. App. 2003). In the end, it makes no difference in this case. The offense concerns property not exceeding two hundred dollars in value. Iowa Code § 714.3A (2016). With or without the sales tax, the amount involved was less than two hundred dollars.

The State charged Phipps by trial information with aggravated theft. Following trial, a jury found Phipps guilty. The district court sentenced Phipps to an indeterminate term of not more than two years in prison. Phipps appealed.

**II. Jury Instructions.**

Phipps first contends his trial counsel was ineffective in failing to challenge the jury instructions. We review ineffective-assistance claims de novo. *See State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). In order to establish ineffective assistance of counsel, Phipps must show by a preponderance of the evidence that his counsel failed to perform an essential duty and that failure prejudiced him. *See id.* Generally, we preserve claims of ineffective assistance of counsel claims for postconviction proceedings to allow the record to be developed on various issues. *State v. Bumpus*, 459 N.W.2d 619, 627 (Iowa 1990). "Only in rare cases will the trial record alone be sufficient to resolve the claim." *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997). Preserving a claim of ineffective assistance is particularly important "where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012) (citation omitted).

Phipps argues the marshalling instruction was insufficient because it does not properly explain the intent element of the crime. The court instructed the jury that in order to find Phipps guilty of aggravated theft, the State was required to prove:

> 1. On or about the 20th day of December, 2016, the Defendant did either of these two things:
> a. The Defendant removed or attempted to remove property not exceeding two hundred dollars in value from Hy Vee which has not been purchased OR

> b. The Defendant concealed such property of Hy Vee either on the premises or outside the premises of Hy Vee.
> 2. After having done one of the two things mentioned above, the Defendant committed an assault . . . .

Phipps complains that the instruction did not require proof he had the specific intent of taking the property "with the intent to deprive the other thereof." *See* Iowa Code § 714(1)(1) (defining theft as "[t]ak[ing] possession or control of the property of another, or property in the possession of another, with the intent to deprive the other thereof").

Phipps was charged with aggravated theft under Iowa Code section 714.3A(1). That section provides:

> A person commits aggravated theft when the person commits an assault as defined in section 708.1, subsection 2, paragraph "a", that is punishable as a simple misdemeanor under section 708.2, subsection 6, after the person has removed or attempted to remove property not exceeding two hundred dollars in value which has not been purchased from a store or mercantile establishment, or has concealed such property of the store or mercantile establishment, either on the premises or outside the premises of the store or mercantile establishment.

Iowa Code § 714.3A(1). Phipps admits that the court gave a marshalling instruction that uses "similar language to section 714.3A." Nothing in section 714.3A requires a defendant have the specific intent to deprive another of the property. Accordingly, counsel did not breach an essential duty by failing to object to the instruction. For the same reasons, we reject Phipps's argument that counsel was ineffective by failing to object to the instruction on general intent and the absence of an instruction on specific intent.

Because Phipps has failed to prove counsel was ineffective in failing to object to the jury instructions, we affirm his aggravated-theft conviction.

**III. Sentence.**

Phipps also challenges his sentence. We review imposition of a sentence that is not mandatory for an abuse of discretion. *See State v. Hill*, 878 N.W.2d 269, 272 (Iowa 2016). Use of an impermissible sentencing factor is an abuse of discretion that requires resentencing. *See State v. Knight*, 701 N.W.2d 83, 85 (Iowa 2005).

Phipps argues the district court considered an impermissible factor in sentencing him. Specifically, he alleges the court improperly relied on the termination of his parental rights to three children. In imposing its sentencing, the district court noted Phipps's criminal record is "almost two decades long" and that of the various sentences imposed on him for his crimes, "nothing has ever worked" for Phipps. The court then emphasized Phipps's age, stating:

> [Y]ou're 36 years old. You're not a child. You're a grown man. You have four children, and your rights have been terminated from three of them. You have to live your life responsibly. . . . You know it's wrong to steal. You know it's wrong to use drugs. You know it's wrong to be violent with a domestic partner. You know that. But you simply . . . refuse to stop that behavior.

The purpose of sentencing a defendant is to give the defendant the maximum opportunity for rehabilitation and to protect the community. *See* Iowa Code § 901.5; *State v. Boltz*, 542 N.W.2d 9, 10 (Iowa Ct. App. 1995). In imposing sentence, the court may consider the relevant factors of the case, including the nature of the offense and attending circumstances, and the defendant's age, character, propensities, and chances of reform. *See id.* It is impermissible for the court to consider circumstances that do not bear on the above factors. *See State v. Laffey*, 600 N.W.2d 57, 62 (Iowa 1999) (holding the difficulty of explaining the

rationale of concurrent versus consecutive sentences to young victims of a crime is an impermissible factor to consider in determining the appropriate sentence because it "does not go to the nature or severity of the offense; it is unrelated to the circumstances of the crime; it does not reflect on the defendant's character or propensities, or on his chances for reform or rehabilitation; and it has no bearing on the court's duty to protect the community from further offenses by the defendant or others").

The State argues the termination of Phipps's parental rights to three children is relevant to history of assaultive conduct and his inability to reform regardless of the consequences of his behavior. Although this rationale seems reasonable on its face, it does not comport with the record. The scant information concerning the termination of Phipps's parental rights is contained in the presentence investigation report, which lists the names of his biological children under a section titled, "Marital/Relationship Dynamics," and with regard to three of the children, states that Phipps "reported he has no contact with this child as his parental rights were terminated." The report also states that Phipps "reported in 2012 he was involved with [the Iowa Department of Human Services] for two years concerning three of his children" and "[w]hen asked the reason for his involvement he responds that it was probably because of domestic reasons." There is no indication that Phipps's behavior led to the termination of his parental rights or what that behavior entailed. As such, it is irrelevant to the determination of Phipps's sentence and was improperly considered.

Although the court cited many proper considerations in determining Phipps's sentence, "we cannot speculate about the weight trial court mentally

assigned [an improper] factor, or whether it tipped the scales to imprisonment." *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981). "The important focus is whether an improper sentencing factor crept into the proceedings; not the result it may have produced or the manner it may have motivated the trial court." *State v. Thomas*, 520 N.W.2d 311, 313 (Iowa Ct. App. 1994). Therefore, because the court improperly considered the termination of Phipps's parental rights in imposing his sentence, we vacate his sentence and remand the case for resentencing. *See State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998).

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**