# IN THE COURT OF APPEALS OF IOWA

No. 17-1921
Filed August 15, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**PATRICK EARL SUMERALL,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

Patrick Sumerall appeals the sentences imposed upon his guilty pleas to conspiracy to commit a forcible felony and carrying weapons. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Sheryl A. Soich, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Patrick Sumerall appeals the sentences imposed upon his guilty pleas to conspiracy to commit a forcible felony and carrying weapons. He claims the court improperly considered the unproven crime of robbery in the first degree when determining his sentences.

**I.     Background Facts and Proceedings**

In April 2017, Patrick Sumerall was charged by trial information with conspiracy to commit a forcible felony[1] and carrying weapons. In October, Sumerall agreed to plead guilty to the charges. During the plea hearing, Sumerall admitted to conspiring with several people to rob a check-cashing business and gathering weapons to use during the robbery. The court accepted Sumerall's guilty pleas and set his sentencing for a later date.

During the sentencing hearing, the State recommended consecutive sentences of a ten-year term of incarceration for the conspiracy offense and a two-year term of incarceration for the carrying-weapons offense. Sumerall requested a deferred judgment. The presentence investigation report (PSI) recommended Sumerall receive a suspended sentence and be committed to the supervision of the Department of Corrections for two to five years. The court denied Sumerall's request for a deferred judgment and sentenced him to an indeterminate term of incarceration not to exceed ten years for the conspiracy offense and an indeterminate term of incarceration not to exceed two years for the carrying-weapons offense, to run concurrently.

---

[1] The trial information identified the underlying forcible felony as first-degree robbery.

Sumerall appeals, claiming the court impermissibly relied upon the unprosecuted offense of robbery in the first degree and unadmitted acts committed during the conspiracy in formulating the ordered sentences. He contends references made by the court in the sentencing colloquy demonstrated the court's focus was on the intended crime rather than the actual crimes to which he pled guilty.

## II.    Discussion

Our review is for the correction of errors at law. *State v. Sailer*, 587 N.W.2d 756, 758 (Iowa 1998). "Sentencing decisions of the trial court are cloaked with a strong presumption in their favor." *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). We will not upset a sentence on appeal "unless the defendant demonstrates an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors." *Sailer*, 587 N.W.2d at 758–59. "An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable." *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

It is "important to consider the host of factors that weigh in on the often arduous task of sentencing a criminal offender, including the nature of the offense, the attending circumstances, the age, character and propensity of the offender, and the chances of reform." *Id.* at 724–25. However, sentencing courts "may not rely upon additional, unproven, and unprosecuted charges unless the defendant admits to the charges or there are facts presented to show the defendant committed the offenses." *Id.* at 725. "A sentencing court may consider unprosecuted offenses in imposing sentences only if admitted by the defendant or

adequate facts are presented at the sentencing hearing to show the defendant committed the crimes." *State v. Delaney*, 526 N.W.2d 170, 179 (Iowa Ct. App. 1994).

If a sentence is challenged due to improper consideration of unproven criminal activity or charges, "the issue presented is simply one of the sufficiency of the record to establish the matters relied on." *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). Resentencing is required if the court uses any improper consideration when determining a sentence, even if it is only a secondary consideration. *Id.* We will not "speculate about the weight [the] trial court mentally assigned this factor, or whether it tipped the scales to imprisonment." *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981). We will also "not draw an inference of improper sentencing considerations which are not apparent from the record." *Formaro*, 638 N.W.2d at 725. A defendant must make an affirmative showing that a district court relied on improper evidence, such as unproven offenses, in order to overcome the presumption in favor of a sentencing decision. *State v. Jose*, 636 N.W.2d 38, 41 (Iowa 2001).

During sentencing hearing, the court engaged in the following colloquy:

> All right. The Court, knowing of no reason, it is hereby ordered and adjudged that you're guilty of the crimes of conspiracy to commit a forcible felony and carrying weapons. The Court will impose a $1,000 fine and a $625 fine in both one and two. I'm going to impose a 10-year term of incarceration in count one and a two-year term of incarceration in count two. Court costs will be entered as a judgment in this particular case.
>     . . . .
> I will note that I have considered your request for a deferred judgment. I don't believe that you're, frankly, a good candidate for a deferred judgment. I've considered your prior criminal history. I have considered the fact that you have received a deferred judgment

previously. I have also contemplated and considered the nature and the extent of this particular offense.

As counsel has alluded to, the planning that was necessary and that went into the commission of this crime; the significant danger that this crime in and of itself posed to this community; the fact that it, frankly, wasn't spontaneous; that this went on for some period of time regarding planning, and that over the course of that opportunities arose on multiple occasions for you to simply pump the brakes and recognize that this was not something that you wanted to be involved in and nonetheless you continued to do so.

*Robbery in the first degree is obviously a heinous crime in this state. It's something that is punishable, as you're well aware, of 25 years in prison with a mandatory 17 and a half. And so this offense of conspiring to commit such an act is not lost on the Court in its consideration here today. I have considered the state's request to run the sentences consecutive to one another. I am not doing that. But I'm not suspending the sentence either. And so ultimately the Court will impose a 10-year prison term today. That amount of time does not necessarily mean you will serve 10 years. . . .*

. . . .

In pronouncing judgment and sentence the Court has considered the factors set out in Iowa Code section 907.5. The Court has and does consider the sentence to be appropriate considering the recommendations of counsel, the nature of this offense, your age, and the fact that you do have a prior criminal history, and the sentencing goals and objectives of this Court.

*As I've stated, I do believe this sentence is appropriate given the planning involved, the serious nature of this crime, the danger to the community, the fact that you and your coconspirators contemplated restraining the victims in this particular case by tying them up, the fact that an actual firearm, not just a BB gun but an actual firearm was intended to be used are all significant factors in the Court's consideration of the imposition of a prison sentence.*

(Emphasis added.) Sumerall challenges the emphasized portions of the court's sentencing colloquy.

As to the first portion, the court's statement, when read in context, refers to the nature of the offense, not an unproven or unprosecuted charge. Sumerall pled guilty to conspiracy to commit a forcible felony—first-degree robbery. As to the second portion, during the plea hearing Sumerall admitted to gathering weapons for use in the plan to rob the check-cashing business. Further, the contemplated

actions of restraining people and the use of weapons are clearly set forth in the PSI. When the sentencing hearing began, the court confirmed with the defense that it received the PSI and had no additions, corrections, or deletions to make. Sumerall did not object or challenge any part of the PSI, nor does he challenge it now.

Under our standard of review, the court was justified in imposing incarceration due to the serious nature and the attending circumstances of the offenses, including the planned use of weapons. *See Formaro*, 638 N.W.2d at 725. The sentences imposed by the court were within statutory limits and based on valid and permissible considerations.

**AFFIRMED.**