# IN THE COURT OF APPEALS OF IOWA

No. 20-1101
Filed July 21, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**RICARDO LYCRGUS PERRY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Mark F. Schlenker,
District Associate Judge.

Ricardo Perry appeals his sentences for two counts of operating while
intoxicated. **SENTENCES VACATED AND REMANDED.**

Martha J. Lucey, State Appellate Defender, and Theresa R. Wilson,
Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney
General, for appellee.

Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Following his guilty pleas, Ricardo Perry appeals his sentences for two counts of operating while intoxicated (OWI).[1] Perry contends the sentencing court referred to facts not admitted or proven, abused its discretion in sentencing Perry to prison, and failed to give his counsel an opportunity to present a sentencing recommendation. Since the sentencing court referred to facts not admitted or proven, we vacate Perry's sentences and remand to the district court for resentencing before a different judge.

## I. Facts and Procedural history.

Perry was charged by trial information with operating while intoxicated, second offense. A few weeks later, he was again charged with operating while intoxicated, second offense. By paper plea, he pled guilty to both offenses. In each plea, Perry admitted to "operat[ing] a motor vehicle in Polk County, Iowa, while under the influence of an alcoholic beverage with BAC over .08." He waived his right to be present at the plea proceeding and waived his right to a record of the proceeding. The plea court accepted the pleas and set sentencing for a later date.[2] A virtual video sentencing hearing was held. The prosecutor made his

---

[1] "Iowa Code section 814.6(1)(a)(3) [(2020)] provides a defendant may appeal as a matter of right from a conviction entered upon a guilty plea only when the conviction is for a class 'A' felony or the defendant establishes good cause." *State v. Boldon*, 954 N.W.2d 62, 68 (Iowa 2021). "[G]ood cause exists to appeal from a conviction following a guilty plea when the defendant challenges his or her sentence rather than the guilty plea." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[2] Even though the written pleas lack any statement by Perry accepting the minutes of evidence to be true, the orders accepting each plea state: "Based on the statements of the defendant, statements of the prosecutor, and the minutes of testimony accepted as true by the defendant and considered by the court, the plea has a factual basis and is knowingly, voluntarily and intelligently made."

sentencing recommendation, two mitigation witnesses testified on behalf of Perry, and Perry made his allocution. Before sentencing Perry, the court made these comments:

> THE COURT: I reviewed the files on these. I note the first one was a [.]138 test on the Datamaster. I read through the complaint led to the circumstances regarding the stop, and I've looked at the complaint in the second one too. And I believe in the first one he was in an automobile. The second one he was on a Harley motorcycle. He tested .894, still above the legal limit. On that one I note that on that one he dumped the motorcycle in the driveway. I assume that's what the insurance claim or the no insurance is about. [Prosecutor], is there any indication of any damage other than to possibly his own vehicle?
>
> [PROSECUTOR]: I looked at the files prior, Judge, but I don't see anything that would indicate a restitution claim or damage elsewhere.
>
> THE COURT: . . . Okay, the complaint in the other charge, as I said, indicates that he dumped the vehicle he was driving or turned it over, but I don't see any complaint that holds another vehicle although I note the officer talks about a high rate of speed and spacing of the vehicles in front of a no passing zone. And there was another no passing zone which is to be dismissed. The officer's complaint talks about possibly trying to evade him. I'm not really concerned with it and not really placing that much on that. What I'm really looking at is the fact he picked up another OWI within three weeks of getting one, and it's an OWI second where he's facing two years in prison and putting himself at risk. And if he was to participate in taking care of his family, getting killed in a motorcycle accident really isn't going to help much. I've been doing this 40 years and seen people get multiple OWIs in a short time period. And it seems to me that the real focus is the need for counseling and getting conduct change here for the health and safety of the defendant as well as the public. So what concerns me is the county attorney said the fact that these were committed in such a short time period, that does concern me. I understand he's needed at home. How old are you, Mr. Perry?
>
> THE DEFENDANT: 42.
>
> THE COURT: You have a lot of years ahead of you, and you need to take care of yourself a little better than what you have. I heard the county attorney talk about the other history of things that are out of state charges and recent charges. I'm really mostly concerned with these two charges. And I understand you've made some bad decisions in the past. I'm a little concerned about the assault charge. Those usually catch my attention, but we're not

talking about assault, we're talking about OWIs and two in short order. The county attorney in his recommendation is giving you a considerable break just in his recommendation by recommending concurrent not consecutive because of two different offenses and could have definitely easily ask as a condition the court to make them consecutive. They aren't related. They aren't really close in time other than three weeks apart. It's not like a few hours apart. So I think the court would be well within its right to sentence you to consecutive sentences. I really think you need to take a very serious look at your drinking problem you say you have, but this is pretty serious and serious from a public standpoint.

So, Mr. Perry, I'm going to follow the State's recommendation and order that you be confined to the custody of the department of corrections for two years on each offense, and that those sentences, however, run consecutively. Following the county attorney's recommendations I'm not going to make them—make them run consecutive. If I said consecutive—concurrently not consecutively.

Perry appeals from the sentences imposed.

## II. Standard of Review.

We review a sentence imposed by the district court for errors at law. Iowa R. App. P. 4. *State v. Grandberry*, 619 N.W.2d 399, 401 (Iowa 2000). We will not upset a sentence on appellate review unless the defendant shows an abuse of trial court discretion or a defect in the sentencing procedure, such as trial court consideration of impermissible factors. *Id.*

## III. Analysis

Perry contends the sentencing court considered facts not admitted or proven. He asks us to vacate his sentence and remand for resentencing before a different judge.

"The sentencing court should only consider those facts contained in the minutes that are admitted to or otherwise established as true." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998) (quoting *State v. Black*, 324 N.W.2d 313, 316 (Iowa 1982)). "Where portions of the minutes are not necessary to establish a

factual basis for a plea, they deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *Id.*

The crux of Perry's argument is that he did not admit to facts outside the elements of the offense. He only admitted to "operat[ing] a motor vehicle in Polk County, Iowa, while under the influence of an alcoholic beverage with BAC over .08." He did not accept as true the minutes of evidence or any attachments to them. Even so, the sentencing court referred to the criminal complaints:

> THE COURT: On that one I note that on that one he dumped the motorcycle in the driveway. I assume that's what the insurance claim or the no insurance is about. [Prosecutor], is there any indication of any damage other than to possibly his own vehicle?
> [PROSECUTOR]: I looked at the files prior, Judge, but I don't see anything that would indicate a restitution claim.
> THE COURT: . . . Okay, the complaint in the other charge, as I said, indicates that he dumped the vehicle he was driving or turned it over, but I don't see any complaint that holds another vehicle although I note the officer talks about a high rate of speed and spacing of the vehicles in front of a no passing zone. And there was another no passing zone which is to be dismissed. The officer's complaint talks about possibly trying to evade him. I'm not really concerned with it and not really placing that much on that . . . .
> . . . .
> THE COURT: . . . . I heard the county attorney talk about the other history of things that are out of state charges and recent charges. I'm really mostly concerned with these two charges. And I understand you've made some bad decisions in the past. I'm a little concerned about the assault charge. Those usually catch my attention, but we're not talking about assault . . . .

The district court is restricted to reliance on only facts that are admitted or otherwise established as true. *Gonzalez*, 582 N.W.2d at 317. The law is clear about consideration of impermissible sentencing factors, they should not be considered during sentencing. *State v. Lovell*, 857 N.W.2d 241, 242 (Iowa 2014). The district court mentioned impermissible sentencing factors before sentencing Perry—Datamaster test results, dumped motorcycle, high rate of speed, spacing

in a no passing zone, evading a police officer, out-of-state charges, assault charge. None of these were necessary to establish a factual basis for the charges.[3] Although it is true the sentencing court stated it was not "really concerned" with them and was not "really placing that much" on them, the court left it unclear whether it considered the facts mentioned. We cannot speculate about the weight the sentencing court gave to these unknown circumstances. *State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981). If a court in determining a sentence uses any improper consideration, resentencing of the defendant is required, even if it were merely a secondary consideration. *Grandberry*, 619 N.W.2d at 401.

So we vacate Perry's sentences and remand the cases to the district court for resentencing before a different judge. *Id.* In view of our disposition of the case, we need not address the other arguments raised by Perry on appeal.

**SENTENCES VACATED AND REMANDED.**

---

[3] Perry admitted in his written pleas that he drove with a BAC over .08, so the exact Datamaster results would not be necessary to establish the requisite factual basis.