# IN THE COURT OF APPEALS OF IOWA

No. 22-0484
Filed December 7, 2022

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**PAUL TIMOTHY FLEETWOOD,**
      Defendant-Appellant.
_____

Appeal from the Iowa District Court for Davis County, Shawn Showers, Judge.

Alleging the district court considered an unproven allegation when imposing a prison term, a defendant seeks resentencing. **SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

Natalie Hedberg (until withdrawal) and Tammy Westhoff Gentry of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.

Considered by Bower, C.J., Tabor, J., and Doyle, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**TABOR, Judge.**

In refusing to suspend his prison sentence for first-degree harassment, the district court told Paul Fleetwood: "You did have a position of authority over [M.C.] I don't think there's any doubt about it." On appeal, Fleetwood contends the court abused its discretion in considering his "position of authority" over the victim as an aggravating factor when imposing an indeterminate two-year prison term. Because the court relied on information from the minutes of testimony that was neither admitted nor proved, the sentencing hearing was tainted. We thus remand for resentencing.

## I.      Facts and Prior Proceedings

In the summer of 2018, fifty-year-old Fleetwood and seventeen-year-old M.C. were both working for AmeriCorps on an environmental project at the Davis Community School District. One morning in July, Fleetwood sent the teenager sexually suggestive text messages, inviting her to his house for breakfast. She declined but later accompanied him there, ostensibly to pick up pea gravel for a project at the school. After they arrived, he lured her upstairs to show her something, closed his bedroom door, held her shoulders, and told her he wanted to have sex with her. She pushed his hands away, but he kissed her anyway. M.C. told him to stop, and he did. According to M.C., he implored her not to tell anyone "because it would ruin his career." Ignoring his warning, M.C. called a friend, who took her to the police station to report the encounter.

The State charged Fleetwood with sexual exploitation by a school employee, in violation of Iowa Code section 709.15 (2018),[1] and assault with intent to commit sexual abuse, in violation of section 709.11(3). More than three years later, the State dismissed the sexual-exploitation and assault charges in return for Fleetwood's guilty plea to first-degree harassment, in violation of section 708.7. He acknowledged that he "purposefully and with the intent to intimidate, annoy or alarm M.C., had personal contact with M.C., which involved a threat to commit a forcible felony, to wit: assault." The parties agreed to recommend that Fleetwood receive a suspended sentence with two years of probation. The parties also agreed the crime was sexually motivated, requiring Fleetwood to register as a sex offender.

At sentencing, the court heard victim impact statements from M.C. and her father. They both contained unproven allegations against Fleetwood. The court told Fleetwood:

> I'm aware of your family history, your current employment situation and prior—or lack of prior criminal history, the nature of the offense, and the harm to the victim, which has been horrific, and your need for rehabilitation and potential for rehabilitation but also deterrents of further offenses by you and others in the community.

The court assured Fleetwood that it was "just considering the charge of harassment in the first degree as a sexually motivated offense." The court listed Fleetwood's lack of a criminal record as a mitigating factor, weighing toward probation.

---

[1] The trial information alleged that Fleetwood committed sexual exploitation while a school district employee or providing services to the district through AmeriCorps and while he had "direct supervisory authority" over M.C., a student in the district.

The court then turned to the other side of the scale:

> The aggravating circumstances would be your age. You're certainly old enough to know better. You did have a position of authority over [M.C.]. I don't think there's any doubt about it, and the Court is required to consider the nature of the offense committed and what I can consider of the Victim Impact Statement—I think a lot of it does apply to the harassment as a sexually motivated offense—and the fact that you were her supervisor. I think you were in a position of authority. That's a significant aggravating factor that the Court is required to consider.

As its bottom line, the court rejected the parties' joint recommendation, saying: "Under [section] 907.5, Mr. Fleetwood, I'm the judge, and I just don't see a basis to suspend your sentence."

Fleetwood appeals.[2]

## II.     Scope and Standard of Review

Choosing an appropriate sentence lies within the discretion of the district court. *State v. Knight*, 701 N.W.2d 83, 85–86 (Iowa 2005). But reliance on an impermissible sentencing factor is an abuse of discretion and requires resentencing. *State v. West Vangen*, 975 N.W.2d 344, 355 (Iowa 2022).

## III.    Analysis

Fleetwood alleges that the sentencing court relied on unproven information when it focused on his position of authority over M.C. as a "significant aggravating factor." The original charge of sexual exploitation by a school employee required proof that Fleetwood had "direct supervisory authority over the student." *See* Iowa Code § 709.15(3)(c). To meet that element, the minutes of testimony contained statements that Fleetwood was M.C.'s boss.

---

[2] Fleetwood has good cause under Iowa Code section 814.6(1)(a)(3) to appeal his sentence. *See State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

But the amended charge of first-degree harassment did not require proof that Fleetwood was in a position of authority over M.C. And as Fleetwood urges on appeal: "Only conduct related to that charge and Fleetwood's factual basis were appropriate considerations for the court." He relies on *State v. Lovell*, 857 N.W.2d 241, 243 (Iowa 2014) for the proposition that considering facts from the minutes of testimony that are neither proved nor admitted requires resentencing.

The State acknowledges "longstanding precedent proscribing a sentencing court from considering uncharged and unadmitted criminal offenses." *See State v. Black,* 324 N.W.2d 313, 316 (Iowa 1982). But the State argues that those principles don't apply here because Fleetwood's position of authority was an "attending circumstance" of the crime that the sentencing court could consider. *See State v. Formaro*, 638 N.W.2d 720, 725 (Iowa 2002).

The phrase "attending circumstances" does not appear in the criminal code, but it has wound through our case law for over fifty years. *See, e.g.*, *State v. Cupples*, 152 N.W.2d 277, 280 (Iowa 1967). The phrase likely flows from the statutory provision directing judges to "examine all pertinent information." Iowa Code § 901.5. The presentence investigation (PSI) report is part of that pertinent information. *Cupples*, 152 N.W.2d, at 280; *see State v. Headley*, 926 N.W.2d 545, 550 (Iowa 2019). In turn, the PSI report must inquire into the "circumstances of the offense." Iowa Code § 901(3)(1)(c). Following that trail, attending circumstances are those details accompanying the conviction for which a defendant is being sentenced. *Cf. People v. Childress*, 363 P.3d 155, 164 (Colo. 2015) ("By 'circumstances attending the act or conduct,' we intend those elements of the offense describing the prohibited act itself and the circumstances

surrounding its commission." (citation omitted)). Facts surrounding a prohibited act separate from the conduct underlying the conviction are not "attending circumstances" to be considered by the sentencing court.

Applied here, Fleetwood's alleged position of authority over the victim went to an element of sexual exploitation. But that circumstance was unrelated to the elements of first-degree harassment when the admitted forcible felony was assault. Fleetwood pleaded guilty to threatening to assault M.C. purposefully and with the intent to intimidate or alarm her. He did not admit to using his position of authority to sexually exploit her. In other words, that circumstance was not "pertinent information" to the offense for which he was convicted. *See* Iowa Code § 901.5.

Still, the State argues "there was no dispute that the victim and Fleetwood were acquainted through the AmeriCorps program, and he was in a position of authority over the high school student."[3] The State continues: "While the defendant asked the court not to consider his position of authority, he did not dispute its accuracy." But Fleetwood did not have to dispute its accuracy, not admitting the fact was enough to take it off the table. "Where portions of the minutes [of testimony] are not necessary to establish a factual basis for a plea, they are deemed denied by the defendant and are otherwise unproved and a sentencing court cannot consider or rely on them." *State v. Gonzalez*, 582 N.W.2d 515, 517 (Iowa 1998).

The sentencing court expressly treated Fleetwood's position of authority over M.C. as an aggravating factor when that relationship was neither admitted nor

---

[3] In a sentencing brief, Fleetwood objected to the district court considering that he had a position of authority over the victim.

otherwise established as true. Such consideration of an impermissible factor requires resentencing.[4] *See State v. Messer*, 306 N.W.2d 731, 733 (Iowa 1981) (declining to "speculate about the weight trial court mentally assigned this factor, or whether it tipped the scales to imprisonment"). We remand the case to the district court for resentencing before a different judge. *See Lovell*, 857 N.W.2d at 243. The court shall not consider the dismissed charge nor the facts arising from it unless they are admitted by Fleetwood or independently proved. But we do not suggest what the sentence should be. *Black*, 324 N.W.2d at 316.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**

---

[4] Because we vacate the sentence on this ground, we need not reach Fleetwood's related claims that the district court abused its discretion in considering unproven allegations mentioned in the victim impact statements or the court's characterization of the harm to the victim as "horrific."